NIELSEN v. HENRY H. STEVENS, INC.

1. AUTOMOBILES — NEGLIGENCE — BICYCLIST — CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE.

Contention that plaintiff 7-year-old bicyclist's injuries were due to defendant moving van driver's negligence even though the child's negligence may have been a proximate cause of his collision with the truck, and the driver could have stopped the truck instantly *held*, without merit.

2. WORDS AND PHRASES—PROXIMATE CAUSE.

Proximate cause means such a cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 733.
[2, 3] 38 Am Jur, Negligence § 50.
[5] 53 Am Jur, Trial § 442.
[6] 53 Am Jur, Trial § 505.

3. NEGLIGENCE—PROXIMATE CAUSE.

To make negligence the proximate cause of an injury, the injury must be the natural and probable consequence of a negligent act or omission, which, under the circumstances, an ordinary prudent person ought reasonably to have foreseen might probably occur as the result of his negligent act.

4. AUTOMOBILES — BICYCLIST — INSTRUCTIONS — FORESEEABILITY — NEGLIGENCE.

Instruction, given by trial court in 7-year-old bicyclist's action against owner of moving van being backed toward loading dock, in regard to foreseeability and negligence of the defendant *held*, without reversible error.

5. TRIAL—VIEW OF PREMISES—DISCRETION OF COURT.

Trial court's denial of permission to jury to inspect premises where 7-year-old plaintiff bicyclist had been injured by truck belonging to appellee *held*, not shown to have been an abuse of discretion vested in trial court by statute (CL 1948, § 618.50).

6. SAME—ARGUMENT TO JURY.

Argument to jury by defendant's counsel in action by 7-year-old bicyclist against truck owner *held*, not to have been prejudicial, as claimed, where examination of entire argument shows plaintiff's counsel did not object thereto but chose to answer, point by point, except as otherwise covered by trial court's charge pursuant to plaintiff's request.

7. AUTOMOBILES—SITUS OF ACCIDENT—INSTRUCTIONS—EVIDENCE.

Trial judge's refusal to submit issue of whether accident that injured plaintiff 7-year-old bicyclist occurred on public property and refusal to admit into evidence and submit to jury city ordinances and statutes of the State pertaining to sidewalks and highways and instructing jury the accident occurred on private property belonging to defendant *held*, not to have been reversible error.

8. SAME—NEGLIGENCE—NEW TRIAL.

Denial of new trial in 7-year-old bicyclist's action against truck owner on ground jury's verdict that defendant was not shown to have been negligent did not result in a miscarriage of justice *held*, proper.

Appeal from Genesee; Roth (Stephen J.), J.  Submitted October 5, 1962.  (Docket Nos. 31, 32. Calendar Nos. 49,350, 49,351.)  Decided December 3, 1962.

Companion cases by Farrell J. Nielsen, as guardian of David Thomas Nielsen, a minor, and in his own right, against Henry H. Stevens, Inc., a Michigan corporation, for personal injuries and medical expense arising from a collision of truck and bicycle in loading dock area on or adjacent to corporation's property. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Maile, Leach & Silver* (*Judson L. Levin*, of counsel), for plaintiff.

*Ransom & Fazenbaker* (*Marvin W. Ransom*, of counsel), for defendant.

KELLY, J. This suit brought by the father of David Nielsen, a minor, has been tried 3 times in the Genesee county circuit court and each trial before a jury has resulted in a verdict of no cause of action. The first trial resulted in the court below granting a new trial. The second jury's finding of no cause of action was reversed and new trial ordered by our Court in *Nielsen v. Henry H. Stevens, Inc.*, 359 Mich 130.

Plaintiff now asks for reversal of the third judgment of no cause of action, claiming that the court erred in failing to charge that David Nielsen was free from contributory negligence as a matter of fact; in refusing to charge the jury on foreseeability and negligence of defendant; in denying plaintiff's motion to permit the jury to inspect the premises; in failing to hold that defendant's final argument constituted reversible error; in instructing the jury that the collision occurred on private property, and in refusing to admit into evidence and instruct the jury on certain ordinances of the city of Flint and statutes of the State of Michigan relating to motor

vehicles traversing public sidewalks and the duties of drivers of vehicles on public property.

Plaintiff's minor was 7 years of age at the time of the accident, and was 16 years of age at the time of the third trial.

*Did the trial court err in failing to charge that David Nielsen was free from contributory negligence as a matter of fact?*

Plaintiff contends:

"David Nielsen's legal status (licensee or trespasser) bore no proximate relation to the collision, and, as a matter of law, did not affect the duties owed to him by the defendants. Therefore, the only evidence subject to jury consideration is the conduct of the child while on the defendant's premises immediately prior to the collision. Plaintiffs submit that a legal evaluation of this conduct must result in a determination that there was no evidence whatsoever of negligence on the child's part. Plaintiff was entitled to an instruction to this effect."

David testified that he was circling on his bicycle on the concrete driveway in front of defendant's loading dock, and, while coasting down the slope, "I was struck by the moving van in the front and thrown under the wheel." David also testified that after the impact he was under the back portion of the truck and he never noticed the moving van before he was struck.

The driver of the truck (who was made a party to this suit but was dismissed by plaintiff prior to commencement of proofs) testified that when he was entering defendant's property he saw David "crossing the street in a southeastern angle from his home, onto the western edge of the loading dock area, at which point he turned in through the driveway area and directly south"; that when he last saw him he was up in front of the loading dock "riding directly east in front of the loading dock, on that new area,

with his foot down, which I assumed he was making a stop"; that he looked in his rearview mirror and as "I looked at my clearance from the building in the rearview mirror and seen David Nielsen strike the side of the trailer with his bicycle * * * somewhere ahead of the trailer axle on the side"; that when he saw David in the rearview mirror the vehicle was practically stopped.

The trial judge properly instructed the jury regarding the standard of care required of a boy David's age, and the record justifies the court's submission of the question of David's negligence to the jury.

We see no merit to appellant's contention that:

"Assuming, for purposes of argument, that the conduct of the child constituted negligence, his negligence ceased upon his collision with the truck. His extensive injuries were not caused by a collision with a truck, but with a moving truck. Thus, though his assumed negligence may have been a proximate cause of the collision, it was not a proximate cause of his injuries, where under the evidence the truck driver saw the child before the collision, and at any time prior to the collision had the means at his disposal to stop his vehicle instantly."

*Did the trial court err in refusing to charge the jury on the subject of foreseeability and negligence on the part of the corporation?*

We turn now to the phrase "proximate cause" and its meaning. Proximate cause means such a cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred. To make negligence the proximate cause of an injury, the injury must be the natural and probable consequence of a negligent act or omission, which, under the circumstances, an ordinary prudent person ought reasonably to have foreseen

might probably occur as the result of his negligent act.

Appellant contends "nothing was done to prevent a collision with a child, adult or vehicle from occurring because of a vehicle's approach to the loading dock area past the blind corner of the warehouse in the manner occurring on the day of David's injury."

The court properly called to the jury's attention that it was the duty of the defendant to take the precautions against injury which an ordinary prudent person would have taken and would reasonably have foreseen. We see no reversible error in regard to the trial court's instruction in regard to foreseeability and negligence of the corporation.

*Did the trial court err in denying plaintiff's motion to permit the jury to inspect the premises?*

The statute applicable reads as follows:

"When any court of record in which an issue of fact is tried by a jury, shall deem it necessary that the jury view the place or premises in question, or any property or thing relating to the issue between the parties, such court may, on the application of either party, and the advancement of a sufficient sum to pay the expenses of the jury and officers attending them, in taking such view, order such view to be had, and direct the manner of effecting the same." CL 1948, § 618.50 (Stat Ann § 27.1030).

The words "shall deem it necessary" and the words "such court may" are words of discretion. Nothing in this record causes us to believe the court abused its discretion.

*Did the trial court err in finding that defendant's closing argument did not constitute error justifying a new trial?*

The trial court in ruling on the motion for new trial stated:

"The court finds that the argument of counsel for the defendant was not prejudicial to the plaintiffs

and in the main plaintiffs' complaints are addressed to such remarks of defendant counsel as were elicited or prompted by remarks of counsel for plaintiffs. It may be said upon reflection that certain remarks of counsel for the defendant would have been better to have been left unsaid; but it cannot be said that his conduct went beyond the limits explored by counsel for the plaintiffs. The case was well and vigorously tried by both counsel. It may be of some significance that counsel for the plaintiffs neither voiced any objection to his opponent's argument, nor made any request for special instructions respecting it."

Appellant only included "excerpts" of defendant's argument in his appendix. Appellee has included in its appendix (57 pages) the entire argument of plaintiff and defendant. An examination of the entire argument discloses that the plaintiff did not object, but chose to answer, point by point, the claimed "improper argument" with 1 exception, namely, his request for an instruction in regard to defense counsel's remarks as follows:

"Why did he just sue the corporation? Why did he demand a jury? You know why. He wouldn't stand a chance in front of a judge, because a judge would follow the rules. They'd follow the law of the State of Michigan. A judge would determine liability and a judge would find no cause for action."

The court complied with plaintiff's request and charged the jury:

"You ladies and gentlemen, of course, are the sole judges of the facts. You are not to speculate on or conjecture on what I might do if I were called upon to decide this case, nor of what any other judge might do. This is your job. Nor should you let the fact that a jury trial has been demanded in these cases bear any weight in your deliberations."

We agree with the court's finding that "the argument of counsel for the defendant was not preju-

dicial to the plaintiffs," and call attention to our statement in *Marr* v. *Saginaw County Agricultural Society,* 364 Mich 373, 377:

"We do not disagree with the trial court's statement but call attention to the fact that appellant did not request the court to instruct in regard to plaintiff's closing argument and did not at any time during trial, nor in this appeal, complain of the court's instruction. Therefore, the question of the propriety or impropriety of plaintiff's closing argument is not before this Court."

*Did the trial court err in instructing the jury that the collision occurred on private property and in refusing to admit into evidence and instruct the jury on certain ordinances of the city of Flint and the statutes of the State of Michigan?*

In this appeal plaintiff's statement of facts alleges that "the accident happened in the city of Flint, on or near the property of Henry H. Stevens, Inc. (defendant)."

This record does not support appellant's claim that the trial judge erred in refusing to permit the jury to find that the collision occurred on public property. All witnesses who testified regarding the place of impact, including plaintiff's ward, testified that the collision occurred south of the north wall of defendant's building. Plaintiff offered testimony from a surveyor that defendant's building, at the alleged point of impact, encroached 1.3 feet upon the adjoining public street's right-of-way as original platted, but there was no evidence that title to the area of encroachment remained public. Absent this link in plaintiff's chain of essential proof to establish his claim that the impact occurred on public property, we find no error in the trial judge's refusal to submit this issue to the jury.

We conclude the trial court did not err in refusing to admit into evidence and instruct the jury on cer-

tain ordinances of the city of Flint and statutes of the State of Michigan pertaining to sidewalks and highways; nor did the court err in sending this case to the jury, as it had been submitted in the prior trials, and in instructing that the accident occurred on defendant's property.

Judge Roth concluded his ruling on motion for new trial as follows:

"The court cannot find that there was any miscarriage of justice in this instance, and in denying the motion for a new trial, it joins the 36 jurors who have found no cause for action. It is plain that the child in this case suffered serious injuries, but a rational perusal of the proofs leaves little or no room for a conclusion other than that the defendant was not negligent and that the accident came about by reason of the act of the child in coasting or riding his bicycle into the side of the van at some point back of the rear of the tractor portion of the vehicle and in front of and under the rear wheels of the van.

"The motion for a new trial is denied."

We agree with this determination. Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with KELLY, J.

BLACK and KAVANAGH, JJ., concurred in result.