ATTORNEY GENERAL v KENT COUNTY ROAD COMMISSION

Docket No. 112409. Submitted December 12, 1989, at Lansing. Decided February 28, 1990. Leave to appeal denied, 436 Mich ___.

The Attorney General filed suit against the Kent County Road Commission in Ingham Circuit Court alleging that defendant failed to comply with the prevailing wage act in contracting with several private firms for road improvement work in Kent County. Defendant moved for change of venue to Kent County. The court, Thomas L. Brown, J., denied the motion, concluding that venue was proper in Ingham County and that defendant had not shown that conducting the trial in Ingham County would be an inconvenience for the parties and witnesses. Defendant appealed by leave granted.

The Court of Appeals *held:*

The trial court clearly erred in determining that venue was proper in Ingham County. The proper county in which to commence and try actions against a governmental unit generally is the county in which the governmental unit exercises or may exercise its governmental authority, unless the cause of action arises in the county of the principal office of such governmental unit, in which case that county is the proper county in which to commence and try actions against such governmental unit. Venue in this case is proper only in Kent County since that is where defendant exercises its governmental authority and has its principal office.

Reversed and remanded.

VENUE — ACTIONS AGAINST GOVERNMENTAL UNITS.

The proper county in which to commence and try actions against a governmental unit generally is the county in which the governmental unit exercises or may exercise its governmental authority; an exception exists where a cause of action arises in the county of the principal office of such governmental unit, in

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 855, 856.

See the Index to Annotations under Municipal Corporations; Venue.

which case that county is the proper county in which to commence and try the action (MCL 600.1615; MSA 27A.1615).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gregory T. Taylor,* Assistant Attorney General, for plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Thomas J. Mulder* and *Gregory M. Palmer),* for defendant.

Before: REILLY, P.J., and CYNAR and T. M. BURNS,* JJ.

PER CURIAM. The Attorney General instituted this action against the Kent County Road Commission in Ingham Circuit Court, alleging that defendant had failed to comply with the prevailing wage act, MCL 408.551 *et seq.;* MSA 17.256(1) *et seq.,* in contracting with several private firms for road improvement work in Kent County. Defendant answered plaintiff's complaint and moved to change venue to Kent County pursuant to MCL 600.1615; MSA 27A.1615. The trial court denied the motion, concluding that venue was proper in Ingham County under MCL 600.1631; MSA 27A.1631 and that defendant had not shown that conducting trial in Ingham County would be an inconvenience for the parties and witnesses. Defendant brings this interlocutory appeal by leave granted from the trial court's order and contends that venue is proper only in Kent County and that, even if venue is also proper in Ingham County, the trial court should have changed venue for the convenience of the parties and witnesses. We reverse.

MCR 2.223(A)(1) requires the trial court to order

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

a change of venue on a defendant's timely motion if venue is improper. A trial court's decision on whether venue is properly laid is reviewed to determine whether the court clearly erred. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981); *Marsh v Walter L Couse & Co,* 179 Mich App 204, 207; 445 NW2d 204 (1989). Our review of the statutes involved and the record convinces us that the trial court clearly erred in determining that venue was proper in Ingham County.

MCL 600.1615; MSA 27A.1615 provides as follows:

> Any county in which any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision, exercises or may exercise its governmental authority is the proper county in which to commence and try actions against such governmental units, except that if the cause of action arose in the county of the principal office of such governmental unit, that county is the proper county in which to commence and try actions against such governmental units.

Under § 1615, the proper county for this action is Kent County, where defendant exercises its governmental authority and has its principal office.

MCL 600.1631(a); MSA 27A.1631(a), the venue statute relied upon by plaintiff, provides in pertinent part:

> The county in which the seat of state government is located is a proper county in which to commence and try the following actions:
> (a) when the action is commenced by the attorney general in the name of the state or of the people of the state for the use and benefit thereof.

Section 1631(a) indicates that venue is proper in Ingham County, where the seat of our state government is located.

The primary rule of statutory construction is to determine and effectuate the Legislature's intent. *Feld v Robert & Charles Beauty Salon,* 174 Mich App 309, 314; 435 NW2d 474 (1989); *King v Director of the Midland Co Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977). In determining such intent, every word of a statute should be given meaning, and no word should be treated as surplusage or rendered nugatory, if at all possible. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971); *Moore v Ford Motor Credit Co,* 166 Mich App 100, 104; 420 NW2d 577 (1988), lv den 431 Mich 858 (1988).

We are persuaded that the Legislature intended, by its use of the definite article "the" in § 1615, to designate the home county of a governmental unit as *the* proper venue. Such an expression of intent overrides § 1631, which, by use of the indefinite article "a," designates Ingham County merely as *a* proper venue for actions commenced by the Attorney General. The language of § 1615 is mandatory. Therefore, venue is proper only in Kent County, and the trial court erred in denying defendant's motion for change of venue. We have considered the other arguments raised, but find them to be without merit.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.