MICHIGAN MILLERS MUTUAL INSURANCE COMPANY v WEST
DETROIT BUILDING COMPANY, INC

Docket No. 132935. Submitted July 7, 1992, at Detroit. Decided
October 19, 1992, at 9:55 A.M.

Michigan Millers Mutual Insurance Company, as subrogor of
Kwok Hin Gee, and Kwok Hin Gee brought an action for
damages in the Macomb Circuit Court against West Detroit
Building Company, Inc., alleging that the roof of a building
that the defendant had built for Gee had collapsed because of
the use of defective roof trusses. The defendant moved for
summary disposition on the basis that the plaintiff's claim was
barred because it had not been brought within six years after
occupancy of the completed building as required by the special
malpractice statute of limitations regarding actions against
architects, professional engineers, and contractors for damages
arising out of the defective condition of an improvement to real
property. The plaintiffs argued that the special malpractice
statute of limitations is not applicable to claims seeking dam-
ages for an injury to the improvement itself. The court, John R.
Bruff, J., granted the defendant's motion and dismissed the
plaintiffs' action. The plaintiffs appealed, and the defendant
cross appealed.

· The Court of Appeals held:

The special malpractice statute of limitations is applicable to
any action to recover damages from enumerated individuals for
injuries arising out of a defective condition of an improvement
to real property, including injury to the improvement itself.
The trial court properly held that the plaintiffs' action was not
timely.

1. Although the Court of Appeals previously has limited the
application of the special statute of limitations to third-party
claims for damages arising out of injuries caused by the defec-

REFERENCES

Am Jur 2d, Limitation of Actions §§ 49, 119, 121, 126.
Validity and construction, as to claim alleging design defects, of
statute imposing time limitations upon action against architect or
engineer for injury or death arising out of defective or unsafe
condition of improvement to real property. 93 ALR3d 242.

tive condition of an improvement and has held that the statute was not applicable to claims for injuries to the improvement itself, the 1988 amendment of the general statute of limitations governing actions to recover damages for injuries to persons or property that specifically directs that the special statute is controlling evidences an intent by the Legislature to reject the prior holdings of the Court of Appeals. The legislative history of the 1988 amendment evidences an intent that the special statute is applicable to claims for damages arising out of an injury to the improvement itself.

2. The special statute is clearly applicable to all claims against enumerated individuals for injuries arising out of a defective improvement to real property, whether the claim is one sounding in tort or in contract.

Affirmed.

LIMITATION OF ACTIONS — MALPRACTICE — ARCHITECTS, ENGINEERS, AND CONTRACTORS — DEFECTIVE CONDITION OF IMPROVEMENTS.

The special malpractice statute of limitations regarding an action against a state-licensed architect or professional engineer or a contractor for injuries arising out of the defective condition of an improvement to real property is applicable to all such claims, whether damages for injuries to third parties or for deficiencies in the improvement itself are sought or whether based on tort or contract (1988 PA 115; MCL 600.5805[10], 600.5839[1]; MSA 27A.5805[10], 27A.5839[1]).

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Bruce C. Kempton* and *Jeffrey R. Learned*), for the plaintiffs.

*Marlene Mandell,* for West Detroit Building Company, Inc.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt* and *Maurice A. Borden*), for National Lumber Company.

Amicus Curiae:

*Cawthorne, McCollough & Cavanagh* (by *James G. Cavanagh*), for the Society of Architects and Consulting Engineers Council of Michigan.

Before: MURPHY, P.J., and SHEPHERD and T. S. EVELAND,* JJ.

SHEPHERD, J. Plaintiffs appeal as of right the circuit court's judgment granting the motion of West Detroit Building Company, Inc., for summary disposition pursuant to MCR 2.116(C)(7) on the basis of the statute of limitations. We affirm.

West Detroit, a general contractor, built the Ping On Restaurant, which plaintiff Kwok Hin Gee opened for business on July 1, 1980. On April 24, 1988, the roof of the restaurant collapsed, allegedly because of defective roof trusses. Kwok Hin Gee and Michigan Millers Mutual Insurance Company, as subrogor of Gee to the extent of its insurance payments, filed suit against West Detroit for negligence and breach of contract on August 29, 1989. On March 8, 1990, West Detroit filed a third-party complaint against Bergeron Corporation, formerly known as Century Truss Company, and National Lumber Company, seeking indemnity based on negligence, breach of warranty, and breach of contract for any liability that might arise out of the claims made by plaintiffs against it. Bergeron was the manufacturer of the wooden trusses used in the construction of the restaurant, and National Lumber was the wholesaler that sold these trusses to West Detroit. Subsequently, on July 17, 1990, National Lumber filed a motion for summary disposition pursuant to MCR 2.116(C)(7) against West Detroit on the ground that West Detroit had failed to file its claim against National Lumber within six years after the date of occupancy of the completed improvement and, therefore, the claim was barred by MCL 600.5839(1); MSA 27A.5839(1). On July 27, 1990, West Detroit filed a motion for summary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

disposition against plaintiffs pursuant to MCR 2.116(C)(7), likewise on the ground that plaintiffs' alleged cause of action was barred by MCL 600.5839(1); MSA 27A.5839(1). In an opinion and order dated August 10, 1990, the circuit court granted West Detroit's motion for summary disposition on the ground that plaintiffs failed to bring suit within the time prescribed by MCL 600.5839(1); MSA 27A.5839(1). A judgment dismissing this case was entered on September 5, 1990.

When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court must accept the plaintiff's well-pleaded allegations as true and construe them in favor of the plaintiff. *Beauregard-Bezou v Pierce*, 194 Mich App 388, 390-391; 487 NW2d 792 (1992). If there are no facts in dispute, the issue whether the claim is statutorily barred is a question of law for the court. *Id.*

West Detroit's motion for summary disposition is based upon the six-year period of limitation for actions against architects, professional engineers, or contractors arising from improvements to real property found in MCL 600.5839(1); MSA 27A.5839(1), which provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the in-

jury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such actions shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

This statute, which was amended by 1985 PA 188, effective March 31, 1986, made claims against contractors subject to a six-year period of limitation where ordinary negligence is pleaded, with a further one-year period following discovery of a claim where gross negligence is pleaded. *Beauregard-Bezou, supra.*

Plaintiffs argue that the trial court erred in dismissing their complaint on the ground that their claims were time-barred as a matter of law by § 5839(1) because that statute does not apply to claims seeking damages for deficiencies in the improvement to real property itself. Plaintiffs cite *Marysville v Pate, Hirn & Bogue, Inc,* 154 Mich App 655; 397 NW2d 859 (1986), *Midland v Helger Construction Co, Inc,* 157 Mich App 736; 403 NW2d 218 (1987), and *Burrows v Bidigare/Bublys, Inc,* 158 Mich App 175; 404 NW2d 650 (1987), where panels of this Court drew a distinction between injuries "arising out of" a defective improvement to real property and damages that constitute the defective improvement itself and held that the limitation set forth in § 5839(1) that bars claims filed more than six years after occupancy did not apply to claims made by the building owner for the defective improvement itself, but only to third-party claims for injuries that arise out of the defective improvement. Thus, plaintiffs maintain that the limitation periods set forth in § 5839(1) do not apply to plaintiffs' negligence claim, but that the three-year period for injuries to persons or property found in MCL 600.5805(8);

MSA 27A.5805(8) applies to this case.[1] Citing the rule stated in *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150-151; 200 NW2d 70 (1972), plaintiffs contend that the three-year period of limitation commenced at the time the roof collapsed on April 24, 1988, and had not yet expired when they filed their complaint on August 29, 1988.

Both defendant West Detroit and third-party defendant National Lumber contend that the decisions by this Court in the cases cited above were effectively overruled by the enactment of 1988 PA 115, effective May 1, 1988, where the Legislature added subsection 10 to MCL 600.5805; MSA 27A.5805 in order to eliminate any difference between third-party claims and claims made by owners against an architect, engineer, or contractor. Section 5805(10) provides:

> The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be as provided in section 5839.

The question presented in this case is whether the Legislature's enactment of § 5805(10) overrules this Court's interpretation of § 5839 in the cases mentioned above and requires the application of the limitation periods specified in § 5839(1) to all actions against a contractor based on an improvement to real property.

The primary purpose of courts in interpreting statutes is to discover and give effect to the intent

---

[1] Concerning plaintiffs' breach of contract claim, plaintiffs acknowledge that the claim is time-barred because the claim was filed more than six years after it accrued. A breach of contract claim accrues on the date of the breach, not the date the breach is discovered. MCL 600.5807(8); MSA 27A.5807(8).

of the Legislature. *State Treasurer v Wilson,* 423 Mich 138, 143; 377 NW2d 703 (1985); *People v Hill,* 192 Mich App 102, 114; 480 NW2d 913 (1991). Where the statutory language is clear and unambiguous, no further interpretation is necessary. *Storey v Meijer, Inc,* 431 Mich 368; 429 NW2d 169 (1988). If the statutory language is ambiguous, or where reasonable minds may differ, a reasonable construction must be given in light of the purpose of the statute. *Wilson, supra.*

Statutes must be interpreted as a whole, *Stowers v Wolodzki,* 386 Mich 119; 191 NW2d 355 (1971), and, whenever possible, the meaning of one section of a statute should be read in harmony with the rest of the statute. *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981); *In re Forfeiture of $5,264,* 432 Mich 242, 251; 439 NW2d 246 (1989). The Legislature will be presumed to have intended that its amendments of a statute be construed harmoniously with other provisions of the statute. *Williams v Secretary of State,* 338 Mich 202, 207; 60 NW2d 910 (1953). In construing a statute, courts should presume that every word has some meaning and should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. A change in the statutory language is presumed to reflect a change in meaning. *Greek v Bassett,* 112 Mich App 556, 562; 316 NW2d 489 (1982). Courts may look to the legislative history of an act to ascertain the meaning of its provisions. *People v Hall,* 391 Mich 175, 191; 215 NW2d 166 (1974).

Statutes of limitation should be fairly construed to advance the policy that they are designed to promote and should not be defeated by an over-strict construction. *Buzzn v Muncey Cartage Co,* 248 Mich 64, 67; 226 NW 836 (1929). Among the purposes of statutes of limitation are to prevent

stale claims and to relieve defendants of the protracted fear of litigation. *Lothian v Detroit,* 414 Mich 160, 166-167; 324 NW2d 9 (1982); *Nielsen v Barnett,* 440 Mich 1, 8-9; 485 NW2d 666 (1992). As a general rule, exceptions to statutes of limitations are to be strictly construed. *Mair v Consumers Power Co,* 419 Mich 74, 80; 348 NW2d 256 (1984). A specific statute of limitations controls over a general statute of limitations. *Hawkins v Regional Medical Laboratories, PC,* 111 Mich App 651, 655; 314 NW2d 450 (1979), aff'd 415 Mich 420 (1982).

In this case, the language of the statute in question is not clear and unambiguous, because reasonable minds could differ concerning whether § 5805(10) clearly specifies the applicable limitation period. We note that unlike the other subsections in § 5805, which list the applicable limitation periods for claims of injury to persons or property, subsection 10 does not provide a specific limitation period but simply refers to § 5839(1) for the applicable limitation periods. It is the placement in § 5805 of the amendment that refers to another statute that creates an ambiguity, lending itself to two possible interpretations. Under one interpretation, the language of § 5805(10) stating that the period of limitation for an action against a contractor "based on an improvement to real property shall be as provided in section 5839" is viewed to be nothing more than a clarification, i.e., it lets everyone know where to look in the case of contractor liability and does not modify § 5839(1). Contrary to defendant's assertion, we do not believe that this interpretation renders the language of § 5805(10) nugatory.

However, the language of § 5805(10) may be construed to do more than simply direct us to § 5839(1). Under this alternative interpretation,

the language may be construed as showing the intent of the Legislature to change the prior judicially created exemptions and, thereafter, to include damage claims by those with privity as well as injured third parties. Given that reasonable minds could differ concerning whether the Legislature, by adding § 5805(10), intended to modify the limitation period for claims against contractors set forth in § 5839(1), we conclude that judicial construction of § 5805(10) is proper.

In light of the ambiguity created by the placement of the amendment in § 5805(10), it is appropriate to review the legislative history of the statute in order to determine the underlying intent of the Legislature. *Luttrell v Dep't of Corrections,* 421 Mich 93, 103; 365 NW2d 74 (1984). In this case, the amendment came after three panels of this Court interpreting § 5839(1) drew a distinction between damage suffered by third parties arising out of an improvement to real property and damage to the improvement itself. The Senate Fiscal Agency's analyses of Senate Bill 478 are the only available documents that provide evidence of the Legislature's intent in amending § 5805. Senate Fiscal Agency Analysis, SB 478, October 21, 1987, was completed before the passage of the bill. After 1988 PA 115 had been enacted on May 1, 1988, a second analysis, Senate Fiscal Agency Analysis, SB 478, June 22, 1988, which was virtually identical to the first, was prepared. These analyses state that the intention of the bill was to apply the limitation periods specified in § 5839 to all claims "against architects, engineers, and contractors for defects or unsafe conditions in an improvement to real property," including "suits claiming damages for defects in the improvement as well as those for damages 'arising out of the defect.' " The analyses state:

The bill would ensure that, in future claims against engineers, architects, and contractors, the interpretation of the dissenting judge in the *Burrows* case would prevail. Architects, engineers, and contractors should be protected from suits charging malpractice or negligence in building improvements after a significant time has passed since the actual performance of the work. It is unfair for these professionals to be vulnerable to lawsuits years after a project has been completed, and State law already offers protection against such vulnerability for injuries "arising out of the defect or unsafe condition of an improvement to real property." Reportedly, the Legislature meant that protection to include all suits brought against architects, engineers, and contractors for defects or unsafe conditions in an improvement to real property. The bill would ensure that such protection was extended to include suits claiming damages for defects in the improvement itself as well as those for damages "arising out of the defect."

In his dissenting opinion in *Burrows,* a case involving an architect, Judge BURNS asserted that the applicable statute of limitations was the special six-years-from-occupancy provision in § 5839. Judge BURNS claimed that "this statute of limitation is specifically applicable to architects and, thus, controls over the more general malpractice or negligence statutes of limitation." *Burrows, supra,* p 191. Disagreeing with the panel's majority, Judge BURNS rejected the distinction between a suit for injuries "arising out of" a defect and a suit "for the defect itself," because the statute specifically applies to recovery of damages for "any injury . . . arising out of" a defect. Judge BURNS further noted that "any harm to the improvement itself is harm which 'arises out of' the defective condition of the improvement." *Id.,* p 192.

Although the Senate Fiscal Agency analyses do

not constitute an official statement of legislative intent, we note that they afford evidence that the Legislature's intent in amending § 5805(10) was to set aside this Court's holdings in the cases cited above and make applicable the limitation periods contained in § 5839(1) to *all* claims against contractors. Moreover, plaintiffs have offered nothing that conflicts with this construction of the Legislature's intent in amending § 5805(10).

Contrary to plaintiffs' assertion, we do not believe that failure of the Legislature to strike the "arising out of" language of § 5839(1) while at the same time amending § 5805(10) to refer to § 5839(1) indicates that the Legislature consented to the accuracy and continued validity of this Court's prior holdings. That the Legislature may have inartfully expressed its intent and could have chosen more suitable alternatives to accomplish its purpose does not alter the fact that the Legislature sought to set aside this Court's holdings in *Marysville, Midland,* and *Burrows.*

Moreover, we do not believe, as urged by plaintiffs, that the application of the limitation periods of § 5839(1) to any case against a contractor involving an improvement to real property renders nugatory the "arising out of" language of § 5839(1). Although the Legislature left intact the cited language of § 5839(1) when adding § 5805(10), the Legislature's intent, as reflected in the Senate Fiscal Agency's analyses of Senate Bill 478, was to explain that "arising out of" did not exclude actions arising out of the defective and unsafe condition of the improvement itself but applied to any case "based on any improvement to real property." Contrary to plaintiffs' contention, this interpretation does not render the "arising out of" language nugatory, but rather clarifies it.

Finally, plaintiffs' argument that the Legisla-

ture's intent in amending § 5805 was to include contract actions within the "prospective ambit" of § 5839(1) is specious and inconsistent with their own arguments. According to plaintiffs, § 5839(1) is limited to tort actions and does not specifically include or exclude contract actions from its coverage. Because § 5839(1) refers to "*any* action to recover damages for any injury to property . . . or for bodily injury or wrongful death," it is clear that even before the addition of § 5805(10) it was not limited to tort actions, but, rather, included contract actions. If plaintiffs' argument concerning the intent of the addition of § 5805(10) were correct, the amendatory language of that subsection would be rendered meaningless because the applicability of § 5839(1) to contract actions was never in question and needed no clarification. Moreover, plaintiffs' argument in this regard is inconsistent with their contention that § 5839 does not apply to actions brought by an owner against a contractor, because the only party who will have a breach of contract action against a contractor is the owner.

Accordingly, we conclude that the Legislature's intent in amending § 5805(10), as reflected in the Senate Fiscal Agency's analyses of Senate Bill 478, was to apply the statute of limitation contained in § 5839(1) to all actions brought against contractors on the basis of an improvement to real property, including those brought by owners for damage to the improvement itself. See also Baiers, *Statutes of Limitation Applicable to Architects, Engineers and Contractors in Michigan,* 1989 DCL L R 25. Applying the periods of limitation in § 5839(1) to this case, we note that plaintiffs' action against West Detroit is time-barred, inasmuch as they filed their complaint on August 29, 1989, more than six years after the use of the improvement and more than

one year after they discovered the alleged defect. Therefore, we affirm the circuit court's judgment granting West Detroit's motion for summary disposition pursuant to MCR 2.116(C)(7).

Affirmed.