DEDES v SOUTH LYON COMMUNITY SCHOOLS

Docket Nos. 132953, 135308. Submitted December 2, 1992, at Detroit.
Decided April 19, 1993, at 9:30 A.M. Leave to appeal sought.

Michael R. and Jean L. Dedes, as copersonal representatives of
the estate of Adrian Dedes, deceased, and next friends of
Lauren L. Dedes, a minor, brought an action in the Oakland
Circuit Court against South Lyon Community Schools and
others, seeking damages resulting from the death of Adrian
and injury of Lauren, who were hit by an automobile as they
walked on the shoulder of a road toward their school bus stop.
The court, Hilda R. Gage, J., granted summary disposition for
the defendants on the basis of governmental immunity. The
plaintiffs brought two appeals from the orders with regard to
defendants Jeanne Asch, the director of transportation for
South Lyon Community Schools, and Joan Shifford, the bus
driver on the plaintiffs' route. The appeals were consolidated.

The Court of Appeals *held*:

The court correctly held that the facts indicate that the
conduct of Asch and Shifford could not have been the proxi-
mate cause of the children's injuries. The automobile driver's
negligence in swerving off the road was an intervening cause.
Pursuant to MCL 691.1407; MSA 3.996(107), the defendants are
immune from tort liability because they were employees of the
school district, acting within the scope of their authority, and
the school district was engaged in a governmental function in
providing transportation to its students.

Affirmed.

CONNOR, J., dissenting, stated that further factual develop-
ment could provide a basis for recovery. The defendants' con-
duct could be viewed by a factfinder as being so reckless as to
demonstrate a substantial lack of concern for whether an
injury would result. Factual development could show that the
only cause of the injuries was the gross negligence of Asch or
Shifford. The trial court and the majority did not construe the
allegations most favorably to the plaintiffs by deciding that the

REFERENCES
Am Jur 2d, Negligence §§ 471, 475, 480, 595.
See ALR Index under Negligence; Proximate Cause.

action of the driver of the car was the intervening, superseding, proximate cause of the injuries. The governmental immunity act should not be interpreted to provide immunity to grossly negligent public employees where, by happenstance, someone else was also at fault.

1. NEGLIGENCE — LIABILITY — PROXIMATE CAUSE.

Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant's negligence; when a number of factors contribute to produce an injury, one person's negligence will not be considered a proximate cause of the harm unless it was a substantial factor in producing the injury.

2. NEGLIGENCE — SUBSTANTIAL FACTORS.

Factors to be considered in determining whether one person's negligence is a substantial factor in producing another's injury are: the number of other factors that contribute in producing the harm and the extent of the effect that they have in producing it; whether the person's conduct has created a force or series of forces that are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the person is not responsible; and the lapse of time.

3. NEGLIGENCE — PROXIMATE CAUSE — INTERVENING CAUSE.

Proximate cause is a cause that operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injury would not have occurred; an intervening cause that comes into active operation in producing harm to another after the negligence of the defendant may relieve the defendant of liability.

4. GOVERNMENTAL IMMUNITY — PROXIMATE CAUSE.

The Legislature's amendment of the governmental immunity act in 1986 was intended to limit governmental liability to situations where a government employee's negligence was the proximate cause of an injury, not simply one of several causes (1986 PA 175; MCL 691.1407; MSA 3.996[107]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for the plaintiffs.

*Neal & Lengauer, P.C.* (by *Warren A. Hampton*), for the defendants.

Before: CORRIGAN, P.J., and WEAVER and CONNOR, JJ.

CORRIGAN, P.J. In this negligence action, plaintiffs appeal from the grant of summary disposition pursuant to MCR 2.116(C)(7) to defendants Joan Shifford, Jeanne Asch, Wayne Case, and South Lyon Community Schools. We affirm.

Adrian and Lauren Dedes (hereafter the children) lived on Ten Mile Road in South Lyon and attended a local elementary school. They traveled to school by bus. Defendant Joan Shifford was the bus driver on their route and defendant Jeanne Asch was the director of transportation for South Lyon Community Schools. The children's home was located on the north side of Ten Mile Road. Asch, in conjunction with Shifford, had designated the place where the children were to wait for the bus: on a grassy hill, behind a mailbox, about fifteen feet west of their driveway. Shifford would approach from the west, stop the bus on the south side of the road, activate the red flashers on the bus, and signal to the children when it was safe to cross Ten Mile Road.

Unfortunately, the children did not always wait where they had been instructed. Sometimes they waited on the paved shoulder of the road instead of the grassy area behind it. Adrian had been a particular problem in this regard. On the morning of June 2, 1989, Adrian (then age ten) and Lauren (then age seven) were walking hand in hand along the shoulder of the road, toward the bus stop, when they were struck by a car driven by Anthony Neumaier. Adrian was killed and Lauren was injured. A passenger in Neumaier's car testified that Adrian suddenly stepped into the path of the oncoming traffic. Lauren claimed that Neumaier's car swerved to the right and hit them. Lauren

also claimed that Shifford had said that if they did not wait for the bus on the shoulder of the road, the bus would not stop.

The children's parents sued Neumaier, his father (the owner of the car), the Oakland County Road Commission, the school district, Shifford, Case (superintendent of the school district), and, by amendment, Asch. The road commission and both Neumaiers settled the claims against them and were dismissed. The remaining defendants moved for summary disposition (Case, Asch, and the school district joined in one motion; Shifford brought a separate motion soon afterward). The court granted both motions, relying on MCL 691.1407; MSA 3.996(107). Plaintiffs appealed from both orders, but have abandoned their claims against Case and the school district in their brief.

The applicable standard of review under MCR 2.116(C)(7) requires us to accept all plaintiffs' well-pleaded allegations as true and to construe them most favorably to the plaintiffs. *Beauregard-Bezou v Pierce,* 194 Mich App 388, 390-391; 487 NW2d 792 (1992); *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 469; 487 NW2d 807 (1992). In reviewing a motion brought pursuant to MCR 2.116(C)(7), the court must consider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. The motion should not be granted unless no factual development could provide a basis for recovery. *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 799 (1992); MCR 2.116(C)(7); MCR 2.116(G)(5).

MCL 691.1407; MSA 3.996(107) provides, in relevant part:

(2) [E]ach . . . employee of a governmental agency . . . shall be immune from tort liability for

injuries to persons or damages to property caused
by the . . . employee . . . while in the course of
employment . . . while acting on behalf of a gov-
ernmental agency if all of the following are met:

   (a) The . . . employee . . . is acting or reason-
ably believes he or she is acting within the scope
of his or her authority.

   (b) The governmental agency is engaged in the
exercise or discharge of a governmental function.

   (c) The . . . employee's . . . conduct *does not
amount to gross negligence that is the proximate
cause of the injury or damage.* As used in this
subdivision, "gross negligence" means conduct so
reckless as to demonstrate a substantial lack of
concern for whether an injury results. [Emphasis
supplied.]

See, also, *Malcolm v East Detroit,* 437 Mich 132,
140, n 8; 468 NW2d 479 (1991).

It is undisputed that both Asch and Shifford
were employees of the school district, that they
were acting within the scope of their authority,
and that the school district was engaged in a
governmental function in providing transportation
to its students. The focus of this case is on subsec-
tion 2(c) of the statute. In granting summary
disposition, the circuit court held that neither
Asch's nor Shifford's conduct could have been "*the*
proximate cause" of the children's injuries. We
agree.

The Legislature is presumed to have intended
the meaning plainly expressed in a statute. *Wilson
v League General Ins Co,* 195 Mich App 705, 709;
491 NW2d 642 (1992). If the meaning of statutory
language is clear, judicial construction is unneces-
sary and not permitted. *Id.* See, also, e.g., *Gordon v
Allstate Ins Co,* 197 Mich App 609; 496 NW2d 357
(1992). Where statutory language is unambiguous,
no further interpretation is necessary. *Michigan
Millers Mutual Ins Co v West Detroit Building Co,*

*Inc,* 196 Mich App 367, 373; 494 NW2d 1 (1992), citing *Storey v Meijer, Inc,* 431 Mich 368; 429 NW2d 169 (1988).

Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant's negligence. *Schutte v Celotex Corp,* 196 Mich App 135, 138; 492 NW2d 773 (1992), citing *Brisboy v Fibreboard Corp,* 429 Mich 540, 547; 418 NW2d 650 (1988). If reasonable minds could not differ regarding the proximate cause of a plaintiff's injury, the court should rule as a matter of law. *Mascarenas v Union Carbide Corp,* 196 Mich App 240, 251; 492 NW2d 512 (1992); see, also, e.g., *Richards v Pierce,* 162 Mich App 308, 317; 412 NW2d 725 (1987).

When a number of factors contribute to produce an injury, one actor's negligence will not be considered a proximate cause of the harm unless it was a substantial factor in producing the injury. *Brisboy, supra* at 547. Factors to be considered in determining whether the negligence is a substantial factor are:

(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

(c) the lapse of time. [*Poe v Detroit,* 179 Mich App 564, 576-577; 446 NW2d 523 (1989), citing 2 Restatement Torts, 2d, § 433, p 432.]

Proximate cause means such cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause,

without which the injuries would not have oc-
curred. *Nielsen v Henry H Stevens, Inc,* 368 Mich
216, 220; 118 NW2d 397 (1962). An intervening
cause, meaning one that comes into active opera-
tion in producing harm to another after the negli-
gence of the defendant, may relieve a defendant
from liability. *Poe, supra* at 577. The existence or
nonexistence of an intervening or superseding
cause is largely a matter of policy. *Id.* Applying
the Restatement analysis cited *supra,* neither
Asch's nor Shifford's alleged negligence could have
been *the* proximate cause of the children's inju-
ries.

Asch's alleged negligence as pleaded in plain-
tiffs' complaint, was confined to her failure to
provide a way for the children to board their bus
without crossing Ten Mile Road.[1] The children,
however, were not injured while crossing the road,
but while walking on the north shoulder of the
road. Even if Asch was negligent, her alleged
negligence cannot have been even *a* proximate
cause of the children's injuries, much less *the*
proximate cause. The trial court properly dis-
missed the counts against Asch.

Plaintiffs alleged that Shifford had failed to
activate the bus' flashers and headlights,[2] required
the children to be at the stop when the bus ar-
rived, and changed the designated location for the
bus stop to the shoulder of the road.

The alleged failure to activate the flashers can-
not have been a cause of the children's injuries.
The Neumaiers' car was traveling east, ahead of
the bus, when it struck the children. MCL 257.682;

---

[1] Contrary to the dissent's contention, it was never alleged that
Asch had required the children to wait on the shoulder of the road.

[2] Contrary to the dissent's position, there is no statutory require-
ment that a school bus' headlamps must be on during the daylight
hours, or that its red flashers must be activated when it is in motion.

MSA 9.2382 requires only vehicles "overtaking or meeting a school bus which has stopped" to come to a halt, not vehicles preceding the bus. Thus, had Stafford activated the flashers, she could not have prevented the accident. As for not having the headlights turned on, plaintiffs have failed to present any evidence that a chrome-yellow school bus with its headlights on in full daylight is more noticeable than one with its headlights off. Failing to keep the lights on did not contribute to the accident, much less was it a substantial factor in causing it.

Plaintiffs' remaining two claims against Shifford also fail the proximate cause test because Neumaier's negligence in swerving off the road was an intervening cause of the injury. Even assuming that Shifford had told the children that they would not be picked up if they were not waiting at the shoulder of the road (Asch testified that the rule was only that the children had to be visible within at least two hundred feet), this cannot have been the proximate cause of the accident. There was no necessary connection between the instruction to be on time and being hit by a passing car; the latter was an intervening force that became the proximate cause of the injury. The same logic applies to the allegation that Shifford changed the bus stop to the shoulder of the road; even if it were proven, it would not be *the* proximate cause of the injuries.

We acknowledge plaintiffs' frustration with an amended statute that makes proving tort claims against governmental employees more difficult than bringing similar actions against other individuals. Nonetheless, we are bound to apply the plain language of the statute. The 1986 amendment of the governmental liability act, 1986 PA 175, rewrote MCL 691.1407; MSA 3.996(107). The

prior statute provided simply that "all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function." We must presume that the Legislature, when it chose to elaborate the conditions under which governmental immunity would apply, was aware of the effect of its decision. The distinction between "the proximate cause" and "a proximate cause" was already well recognized in Michigan by the time 1986 PA 175 was enacted; see, e.g., *Kirby v Larson,* 400 Mich 585; 256 NW2d 400 (1977), and SJI 15.03. Furthermore, this Court has explicitly recognized the difference between definite and indefinite articles; see *Attorney General v Kent Co Road Comm,* 184 Mich App 525, 528; 459 NW2d 11 (1990) ("the" proper venue for action in one statute overrides indefinite "a" proper venue in another); *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678, 679; 499 NW2d 419 (1993) (legislative use of "the" in statutory insurance policy overrides the use of "any" in contract language in the defendant's policy). Plaintiffs' remedy lies with the Legislature, not with this Court. If the Legislature intended "the" proximate cause to mean "a" proximate cause, the Legislature must act to correct its error.[3]

We disagree with the dissent's opinion that our construction leads to an absurd result. The Legislature could well have intended to limit governmental liability to situations where an employee's negligence was *the* proximate cause of an injury, not simply one of several causes. The counts against Shifford were properly dismissed.

---

[3] Plaintiffs rely on language in a footnote in *Richardson v Jackson Co,* 432 Mich 377, 387, n 11; 443 NW2d 105 (1989), that seems to substitute "a proximate cause" for "the proximate cause" in the statute, but that language is clearly dicta and is not controlling.

Affirmed.

Weaver, J., concurred.

Connor, J. *(dissenting).* I dissent.

I would hold with regard to both defendant Asch and defendant Shifford that the trial court's summary disposition was inappropriate. Accepting plaintiffs' allegations as true and construing them most favorably to plaintiffs, I believe it is possible that factual development could provide a basis for recovery.

Asch and Shifford allegedly required young children to cross and then walk down a busy road with fast-moving traffic, required the children to wait close to the road, and failed to obey the traffic regulations designed to make drivers in the area more alert to the presence of schoolchildren. This behavior could be viewed by a factfinder as being so reckless as to demonstrate a substantial lack of concern for whether an injury would result. It is also possible that factual development would show that neither the driver of the car nor the children were negligent, and that the only cause of the children's injuries was the gross negligence of Asch or Shifford. By deciding that the action of the driver of the car was the intervening, superseding, proximate cause, I believe both the trial court and the majority fail to construe the allegations most favorably to plaintiffs. If we accept plaintiffs' allegations, then a collision was not only foreseeable but inevitable.

Moreover, I do not agree with the majority's interpretation of the statute. The law of causation has always recognized that injuries can, and often do, have many causes. When the Legislature added the language at issue to the statute, it eliminated

governmental immunity previously extended to grossly negligent government employees by the courts. I cannot agree that it was the Legislature's intent to let grossly negligent public employees off the hook if, merely by happenstance, someone else was also at fault. See *Hickey v Zezulka (On Resubmission),* 439 Mich 408; 487 NW2d 106 (1992) (a jailer can be found liable for a prisoner's suicide). A literal interpretation ought not to be given to a statute where it would produce an absurd result inconsistent with the purpose of the statute. See *People v Bewersdorf,* 438 Mich 55, 68; 475 NW2d 231 (1991).

I would reverse.