615 N.W.2d 14 (2000)
Eddie DANIELS and Faye Daniels, Deceased, Plaintiffs-Appellants,
v.
Paul PETERSON and Donald Riel, Defendants-Appellees.
Docket No. 110107, COA No. 173275.
Supreme Court of Michigan.
July 18, 2000.
On order of the Court, the Court having heard oral argument in this matter and having considered the parties' briefs, we VACATE our order of November 16, 1998, which granted leave to appeal. We further VACATE the April 4, 1997, judgment of the Court of Appeals, and we REMAND this case to that Court for reconsideration in light of Robinson v. Detroit and Cooper v. Wade, 462 Mich. 439, 613 N.W.2d 307 (2000).
The trial court in this case granted summary disposition to defendants primarily *15 on the ground that, under the Court of Appeals decision in Dedes v. South Lyon Community Schools, 199 Mich.App. 385, 502 N.W.2d 720 (1993), defendants' conduct was not actionable because, for purposes of the governmental immunity statute, M.C.L. § 691.1407(2)(c); MSA 3.996(107)(2)(c), it was not the proximate cause of plaintiff's injuries. Before the Court of Appeals had an opportunity to decide this case, this Court invalidated the trial court's proximate cause ruling in Dedes v. Asch, 446 Mich. 99, 521 N.W.2d 488 (1994). The Court of Appeals in this case thereafter upheld summary disposition for defendants on the alternate basis of the public-duty doctrine.
In Robinson/Cooper, supra, we overruled our decision in Dedes. Therefore, the trial court's original basis for granting summary disposition to defendants in this case, that defendants were immune from suit because their conduct was not the proximate cause of plaintiff's injuries, has again become the proper focus of this appeal. Consequently, given this procedural history, we remand this case to the Court of Appeals for reconsideration in light of Robinson/Cooper.

MICHAEL F. CAVANAGH, J. (dissenting).

Today, a majority of the Court remands this case for reconsideration in light of Robinson v. Detroit and Cooper v. Wade, 462 Mich. 439, 613 N.W.2d 307 (2000). Although I concede that a remand is inevitable under the new jurisprudential theories created by this Court in Cooper, I firmly believe that Cooper was wrongly decided.[1]Cooper washes out years of established precedent in a single wave, and its sweeping policies have the potential to trickle down into various areas of law. This case is only the first drowning victim in the sea of overturned precedent created by Cooper. But for Cooper, the decision in this case would rest appropriately on the applicability of the public duty doctrine. Instead, Cooper has been tied to this case like a lead weight. Because I would have decided Cooper differently, I would have reached a different result in this case. Specifically, I would have reached the merits of the case as argued by the parties before this Court. Unfortunately, that question must be left for another day, to be argued at the time and expense of new parties.
Despite Cooper's theoretical discussion of stare decisis principles, I believe that the present case illustrates the lack of stability and predictability in the law that arises when a litany of cases is overruled on the grounds that a new majority disagrees with the judicial philosophy of a prior majority. A brief examination of the procedural history of this case illustrates the unpredictability that the present parties faced. While this case was at the trial court, the Court of Appeals decision in Dedes v. South Lyon Community Schools, 199 Mich.App. 385, 502 N.W.2d 720 (1993), was in effect. Thus, the trial court was bound by Court of Appeals precedent to determine whether the defendants' actions were "the" proximate cause of injury. By the time Daniels reached the Court of Appeals, however, this Court had overruled Dedes. Dedes v. Asch, 446 Mich. 99, 521 N.W.2d 488 (1994). At the Court of Appeals, the parties focused on the public duty question rather than the proximate cause question, this Court's decision in Dedes having settled the latter. However, had the proximate cause issue been the focus of the appeal, the Court of Appeals would have been bound to follow this Court's Dedes decision. See, e.g., Boyd v. WG Wade Shows, 443 Mich. 515, 505 N.W.2d 544 (1993). Had the Court of Appeals performed a "sole proximate cause" analysis, it would have done so in direct contravention of this Court's freshly rendered Dedes decision.
When the parties appealed to this Court, they did not attempt to revive the Dedes *16 question, but instead focused on public duty questions. I see nothing unusual about the virtual abandonment of the Dedes issue on appeal because the parties would have every reason to believe that principles of stare decisis would cause this Court to exercise some degree of restraint, especially in a case that was so recently decided. However, today's order makes the parties' reliance appear misplaced. On the proximate cause issue, while these parties were at trial, they were faced with a Court of Appeals rule. While at the Court of Appeals, they were required to modify their arguments because a different rule was announced by the Supreme Court. The case will now be decided on the basis of yet another Supreme Court ruling, one created in a tangential case while the present case was pending before this Court. Although this Court may overrule Court of Appeals cases without offending precedential principles, today's order exemplifies an unfortunate and unusual circumstance that can arise when this Court chooses to overrule a thoroughly researched and reasoned decision that was rendered so recently. I fear that today's order, particularly when read in conjunction with Cooper, will put parties on notice that every issue, whether old or new, tangential or direct, discussed briefly or discussed extensively by a prior Court will be decided without respect for precedent, and that stare decisis is of little value. While I do not disagree that truly erroneous precedent should be overruled, I would use greater caution in defining "error." Because Cooper was an exercise in judicial overreaching, I would not remand this case in light of it.
MARILYN J. KELLY, J., joins in the statement by MICHAEL F. CAVANAGH, J.
MARILYN J. KELLY, J. (dissenting).
Today, the Court has remanded this matter to the Court of Appeals. Its directions are to determine, in light of Robinson v. Detroit,[2] whether the defendants are immune from suit. I would vacate the decisions below and remand the case to the Ingham Circuit Court. On remand, that court should address the seminal issue whether, on the basis of federal preemption, state courts have subject-matter jurisdiction over this case.
This year, the United States Supreme Court issued its opinion in Norfolk Southern R. Co. v. Shanklin, 529 U.S.___, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000). It held that, if federal program funds were used to install allegedly inadequate warning signs, the Federal Railroad Safety Act of 1970,[3] and § 203 of the Highway Safety Act of 1973,[4] by virtue of 23 CFR 646.214(b)(3) and (4), preempt a state cause of action for inadequate signage. With respect to the present case, additional factual findings are necessary to ascertain the effect of Norfolk Southern on it.
Where federal law preempts state law in an area, the state court lacks subject-matter jurisdiction to hear the state law cause of action. Ryan v. Brunswick Corp., 454 Mich. 20, 27, 557 N.W.2d 541 (1997). In such a circumstance, summary disposition is appropriate. MCR 2.116(C)(4). Rule 12(h)(3) of the Federal Rules of Civil Procedure is not identical to MCR 2.116(C)(4), but it is instructive: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.)
When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void.
In In re Estate of Fraser, 288 Mich. 392 [394, 285 N.W. 1 (1939) ], this Court said [ ]:

*17 "Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." [ Fox v. Univ. of Michigan Bd. of Regents, 375 Mich. 238, 242, 134 N.W.2d 146 (1965).]
Facts showing whether federal funds were used to install the safety devices at issue in this case and, if so, when they were installed are not present in the record. On remand, the Ingham Circuit Court should make findings of fact on these two issues. If the installation occurred before 23 CFR 646.214(b)(3) and (4) were promulgated, the circuit court should determine whether this establishes a basis on which to distinguish Norfolk Southern.
NOTES
[1] See generally Cooper, supra (Kelly, J., dissenting).
[2] 462 Mich. 439, 613 N.W.2d 307 (2000).
[3] 49 USC 20101 et seq.
[4] 87 Stat. 283.