# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

December 21, 2011

1/November 2011

141624
141629

TRENDA JONES, Successor Personal Representative and Co-Personal Representative, BOOKER T. JONES, Co-Personal Representative, and MARGARET A. JONES, Co-Personal Representative, of the Estate of JAMAR CORTEZ JONES,
          Plaintiffs-Appellees,

v

DETROIT MEDICAL CENTER and SINAI-GRACE HOSPITAL,
          Defendants-Appellants,
and

DANNY F. WATSON, M.D., and WILLIAM M. LEUCHTER, P.C.,
          Defendants-Appellees.

SC: 141624
COA: 288710
Wayne CC: 03-327528-NH

_____/

TRENDA JONES, Successor Personal Representative and Co-Personal Representative, BOOKER T. JONES, Co-Personal Representative, and MARGARET A. JONES, Co-Personal Representative, of the Estate of JAMAR CORTEZ JONES,
          Plaintiffs-Appellees,

v

DETROIT MEDICAL CENTER and SINAI-GRACE HOSPITAL,
          Defendants-Appellees,

SC: 141629
COA: 288710
Wayne CC: 03-327528-NH

and

DANNY F. WATSON, M.D., and
WILLIAM M. LEUCHTER, P.C.,
            Defendants-Appellants.

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we hereby REVERSE the May 20, 2010 judgment of the Court of Appeals and we REMAND this case to the Wayne Circuit Court for further proceedings consistent with this order.

Proximate causation involves examining the foreseeability of consequences and whether a defendant should be held legally responsible for such consequences given his negligent acts or omissions. See, e.g., *Skinner v Square D Co*, 445 Mich 153, 163 (1994). This Court has defined proximate cause as "a foreseeable, natural, and probable cause." *Shinholster v Annapolis Hosp*, 471 Mich 540, 546 (2004); accord *Nielsen v Stevens*, 368 Mich 216, 220 (1962). Such causation is distinct from factual or "but for" causation, and issues of proximate causation thus call for an independent, searching inquiry, the focus of which is whether the result of conduct that created a risk of harm and any intervening causes were foreseeable. *Moning v Alfono*, 400 Mich 425, 439 (1977). Probability of harm is thus a relevant consideration to determine whether the defendant's conduct was foreseeable or if the defendant should be held legally liable in light of the circumstances. Since there are risks that can be foreseen but would not be avoided by a reasonable person, for liability to attach the harm must be of a kind that defendant should have avoided or it must be shown that defendant's actions presented an unreasonable risk of harm.

The lower courts erred by granting partial summary disposition to plaintiffs on the issue of proximate causation here. The lower courts presumed that because the development of Stevens-Johnson Syndrome is a known risk of prescribing tegretol, proximate causation is per se established. After presuming that plaintiff could prove negligence, the lower court "collapse[d]" factual and proximate causation such that the two were "essentially indistinguishable," *Jones v Detroit Medical Ctr*, 288 Mich App 466, 481 (2010), contrary to traditional standards for determining proximate causation. For a plaintiff to prevail on proximate cause at the summary disposition stage, it must be shown that reasonable minds cannot differ that injury was a foreseeable, natural, and probable consequence of the defendant's negligence. Here, viewing the evidence in the light most favorable to defendants, there is a question of fact in this regard that should be submitted to the trier of fact rather than decided as a matter of law.

HATHAWAY, J., (*dissenting*).

I believe that leave to appeal was improvidently granted because the result reached by the Court of Appeals in this case was correct.

CAVANAGH and MARILYN KELLY, JJ., join the statement of HATHAWAY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 21, 2011

_Corbin R. Davis_
Clerk

t1214