SIEROCKI v HIEBER

Docket No. 96598. Submitted July 9,1987, at Lansing. Decided May 16, 1988.

Cheryl Sierocki died as a result of injuries suffered when she was struck by an automobile driven by eighty-one-year-old Edith Faust. Diane Sierocki, personal representative of the estate of Cheryl Sierocki, deceased, filed suit against Albert Hieber in Alpena Circuit Court alleging that defendant and Faust had developed a special relationship in that Faust, who was Hieber's sister-in-law and had lived in the home of defendant for eleven years, had become dependent on defendant and that, as a result of the special relationship, defendant had certain duties to the public in general and to Cheryl Sierocki in particular, that defendant breached those duties, and that that breach of duty was the proximate cause of Cheryl Sierocki's death. The court, Joseph P. Swallow, J., granted summary disposition in favor of defendant, finding that plaintiff's complaint failed to establish a legal duty owed by defendant to plaintiff. Plaintiff appealed.

The Court of Appeals *held:*

The trial court properly determined as a matter of law that defendant owed no duty to Edith Faust or to Cheryl Sierocki.

Affirmed.

1. NEGLIGENCE — SUMMARY DISPOSITION — DUTY — COURT RULES.

Summary disposition may be granted in a negligence action if it is determined as a matter of law that the defendant owed no duty to the plaintiff (MCR 2.116[C][8]).

2. NEGLIGENCE — EVIDENCE.

A plaintiff in a negligence action must prove four elements: (1) that the defendant owed a duty to the plaintiff; (2) that the

REFERENCES

Am Jur 2d, Negligence §§ 6-9, 32 *et seq.,* 45, 46, 456 *et seq.*

Comment Note.—Private person's duty and liability for failure to protect another against criminal attack by third person. 10 ALR3d 619.

Comment Note.—Foreseeability as an element of negligence and proximate cause. 100 ALR2d 942.

defendant breached that duty; (3) that the defendant's breach of that duty was a proximate cause of the plaintiff's damages; and (4) that the plaintiff suffered damages.

3. Negligence — Duty.
Duty, for purposes of negligence actions, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.

4. Negligence — Duty — Question of Law.
Whether a duty exists is a question of law to be decided by the trial court in a negligence action.

5. Negligence — Duty — Special Relationships.
As a general rule, there is no duty to protect an individual who is endangered by the conduct of a third person, but a duty of reasonable care may arise where one stands in a special relationship with either the victim or the person causing the injury.

6. Negligence — Duty — Volunteers.
One who voluntarily assumes the performance of a duty is required to perform that duty carefully.

*Michael J. Forster,* for plaintiff.

*Chaklos, Jungerheld & Della Santina, P.C.* (by *Thomas C. Wimsatt* and *Robert A. Hahn*), for defendant.

Before: M. J. Kelly, P.J., and Beasley and P. Edwards,* JJ.

P. Edwards, J. Plaintiff appeals as of right from an October 31, 1986, order of the Alpena Circuit Court granting defendant's motion for summary disposition. We affirm.

Plaintiff's claim arises out of a September 28, 1984, automobile accident which occurred when defendant's sister-in-law, Edith Faust, drove her 1982 Ford off a public roadway and struck a

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

pedestrian, Cheryl Sierocki, plaintiff's decedent. At the time of the accident, the defendant was eighty-one years old. As a result of the accident, Cheryl Sierocki suffered a broken neck and other bodily injuries which resulted in her death on September 28, 1984.

Plaintiff alleged in her complaint that the defendant knew or had reason to know that Edith Faust was not competent to drive a motor vehicle and that she was so physically or mentally impaired as to constitute a danger and a nuisance to the public. The complaint further alleged that defendant and Edith Faust had developed a special relationship in that Edith Faust had become dependent on defendant, and, as a result of this special relationship, defendant had certain duties to the public in general and to Cheryl Sierocki in particular. Plaintiff further alleged that defendant's breach of those duties was the proximate cause of Cheryl Sierocki's death.

Edith Faust came to live in the home of defendant in 1973, after defendant's wife died. They shared household expenses on an equal basis. Each owned an automobile, but defendant had a second set of keys to Faust's automobile. Defendant noticed that Faust experienced a personality change which began six to eight months before the accident. She failed to take care of her automobile, failed to renew her driver's license, and did not get insurance for her car. Also, Faust did not meet her obligations with regard to paying her share of the household expenses. Prior to the accident, defendant learned that Faust had received a ticket for going the wrong way on a freeway and that she had become lost on the highway on at least one occasion.

The defendant contacted an attorney in September, 1984, in an attempt to get Faust's children to

get her to a doctor and to get her off the road. Approximately three days before the accident, Edith Faust became angry at defendant because he told her that she should not drive. Charlotte Sides, Faust's daughter, stated in an affidavit that she had given Faust's car keys to defendant and had told him not to give them back to Faust. In his testimony, defendant stated that no one had ever asked him to hide the keys and indicated that he returned Faust's extra set of car keys to her at the time that she returned his house keys.

Defendant had never been appointed Faust's guardian or custodian and was never given a power of attorney by her.

On August 5, 1986, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8), contending that plaintiff had failed to state a claim on which relief could be granted.

On October 31, 1986, the trial court granted the motion for summary disposition, stating:

> I am of the opinion that plaintiff's complaint fails to establish a legal duty owed by defendant to plaintiff that is recognized by the statutory or case law of this jurisdiction. Further, I find that plaintiff's claim as set forth in his [sic] pleadings is so clearly unenforceable that no factual development can justify a right to recovery.

The standard governing this Court's review of a denial of a motion for summary disposition under MCR 2.116(C)(8) is well settled. In *New Hampshire Ins Group v Labombard,* 155 Mich App 369, 372; 399 NW2d 527 (1986), lv den 428 Mich 911 (1987), this Court stated:

> A motion for summary disposition under MCR 2.116(C)(8) seeks to test the genuineness of a claim by challenging the legal adequacy of the pleadings.

> The test which a court applies in considering a motion under MCR 2.116(C)(8) is whether the plaintiffs' [sic] claim, as stated in the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. . . . In addressing a motion under this provision, the trial court accepts as true all well pleaded facts. . . . In a negligence case, summary disposition is properly granted pursuant to MCR 2.116(C)(8) if it is determined as a matter of law that the defendant owed no duty to the plaintiff. [Citations omitted.]

In the case at bar, defendant argues that plaintiff has failed to state a valid claim because defendant owed no duty to plaintiff's decedent. This Court agrees.

In a negligence action, the plaintiff must prove four elements: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the defendant's breach of that duty was a proximate cause of the plaintiff's damages; and (4) that the plaintiff suffered damages. *Dumka v Quaderer,* 151 Mich App 68, 72; 390 NW2d 200 (1986), lv den 426 Mich 861 (1986). In a negligence case, a duty may be defined as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Farwell v Keaton,* 396 Mich 281, 286; 240 NW2d 217 (1976), reh den 397 Mich 958 (1976). The question whether a duty exists is one of law to be decided by the trial court. *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 713; 303 NW2d 702 (1981), reh den 411 Mich 1154 (1981).

As a general rule, there is no duty to protect an individual who is endangered by the conduct of a third person. *Duvall v Goldin,* 139 Mich App 342, 350-351; 362 NW2d 275 (1984), lv den 422 Mich

976 (1985). In determining whether a legal duty should be imposed, the trial court should balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties. *Swartz v Huffmaster Alarms Systems, Inc,* 145 Mich App 431, 434; 377 NW2d 393 (1985). A duty of reasonable care may arise where one stands in a special relationship with either the victim or the person causing the injury. *Duvall, supra* at 351.

In the case at bar, plaintiff alleges that defendant stood in such a special relationship to Edith Faust as to create a duty of reasonable care on the part of defendant. On appeal, plaintiff argues that the special relationship between defendant and Faust was that of a de facto guardian and ward. Defendant, on the other hand, contends that defendant was no more than Faust's roommate and that this is not the type of relationship that the appellate courts of this state have recognized as a special relationship.

This Court has imposed a duty of reasonable care upon psychiatrists who determine, or, according to the standard of their profession, should determine, that a patient poses a serious danger of violence to a readily identifiable person. *Bardoni v Kim,* 151 Mich App 169; 390 NW2d 218 (1986), lv den 426 Mich 863 (1986); *Hinkelman v Borgess Medical Center,* 157 Mich App 314, 321-322; 403 NW2d 547 (1987), lv den 428 Mich 905 (1987). This duty is premised on the special relationship of control over the patient by the psychiatrist. *Hinkelman, supra* at 322. In the case at bar, there is no claim that plaintiff's decedent was a readily identifiable potential victim of Faust's "violence." Thus, the trial court was correct in refusing to find a

special relationship sufficient to impose upon defendant a duty of reasonable care.

In *Duvall, supra* at 352, this Court reversed the trial court's grant of summary disposition in favor of the defendant physician, thus imposing a duty in that case on the physician in favor of the plaintiff because it was foreseeable that the physician's negligence in failing to diagnose or properly treat an epileptic condition may have created a risk of harm to a third party. This Court specifically limited its decision to the narrow facts set out in that case, stating:

> [O]ur decision in this regard is limited to the narrow facts set forth in this case. We decline to find a duty in every instance involving a physician, his patient and an unidentifiable third party. We do not intend to make physicians highway accident insurers. [*Id.*]

The appellate courts of this state have also imposed a duty based on a special relationship in settings other than a physician-patient relationship. In *Farwell, supra* at 292, the Michigan Supreme Court recognized that social companions engaged in a common undertaking assume a special relationship that may create an affirmative duty of one to render assistance to the other. In the instant case, defendant and plaintiff's decedent were not social companions engaged in a common undertaking. Therefore, *Farwell* is distinguishable on its facts from the case at bar and is not controlling.

In *Sponkowski v Ingham Co Rd Comm,* 152 Mich App 123, 128; 393 NW2d 579 (1986), this Court held that the trial court's determination that the defendant owed no duty to the plaintiff was clearly incorrect. In *Sponkowski,* this Court

imposed a duty upon the defendant who was leading a caravan of several vehicles to a hayride when he lost control of his automobile on a sharp curve, left the road, and ended up in a ditch. The car immediately following defendant also left the road at the same curve. The plaintiff, a passenger in that car, died as a result of injuries sustained in the accident. This Court in *Sponkowski* held that where one voluntarily assumes the performance of a duty, one is required to perform that duty carefully. *Sponkowski, supra* at 127. In the case at bar, the defendant did not undertake to perform any duty to Edith Faust or to plaintiff's decedent. Thus, the *Sponkowski* decision is also inapplicable to the facts of the case at bar.

On appeal, plaintiff further argues that the trial court erred in granting defendant's motion for summary disposition because the court failed to recognize material questions of fact. This Court does not agree. This is a motion under MCR 2.116(C)(8) and, therefore, only the four corners of the pleadings are relevant in determining whether the plaintiff has failed to state a claim on which relief can be granted. Moreover, summary disposition is properly granted in a negligence case pursuant to MCR 2.116(C)(8) if the court determines as a matter of law that the defendant owed no duty to the plaintiff. *Labombard, supra.* This Court believes that the trial judge properly determined as a matter of law that, under the well-pled facts of the case at bar, defendant owed no duty to Edith Faust or to plaintiff's decedent.

Defendant was entitled to summary disposition because, as a matter of law, he owed no duty to Edith Faust or to plaintiff's decedent. The relationship between defendant and Faust was not the type of special relationship that gives rise to a

duty of reasonable care under the case law in this state. The trial court did not err in granting defendant's motion for summary disposition. Accordingly the trial court's order is affirmed.

Affirmed.