EWING v CITY OF DETROIT (ON REMAND)

Docket No. 187297. Submitted September 19, 1995, at Lansing. Decided December 5, 1995, at 9:00 A.M. Leave to appeal sought.

Deborah Ann Ewing, individually and as next friend of Krystal Thompson, a minor, brought an action in the Wayne Circuit Court against the City of Detroit, the Detroit Police Department, and three Detroit police officers, seeking damages for injuries suffered by the plaintiff when a vehicle driven by Jay D. McGuigan collided with the vehicle being driven by the plaintiff. At the time of the accident, McGuigan was attempting to elude the Detroit police officers who were pursuing him at high speeds in a residential area after he had entered a stolen vehicle that was being observed by the officers. The court, James R. Chylinski, J., granted summary disposition for the defendants. The Court of Appeals reversed. Unpublished order of the Court of Appeals, entered July 6, 1994 (Docket No. 147297). The Supreme Court remanded the matter to the Court of Appeals for plenary consideration only of the portion of the plaintiff's appeal concerning the granting of summary disposition for the city and the police department with respect to the plaintiff's claim of negligent operation of a motor vehicle. 448 Mich 926 (1995).

On remand, the Court of Appeals *held:*

The trial court erred in granting summary disposition for the city and the police department with respect to the negligence claim because certain questions of fact existed that needed to be resolved by the trier of fact.

Reversed.

DOCTOROFF, C.J., further stated that while the decision in *Fiser v Ann Arbor,* 417 Mich 461 (1983), requires that the Court of Appeals conclude that a question of fact concerning whether the conduct of the officers in this case was a proximate cause of the plaintiff's injuries, the holding in *Fiser* should be reexamined by the Supreme Court.

*Law Offices of Jeffrey H. Feldman, P.C.* (by *Jeffrey H. Feldman*) (*John A. Lydick,* of Counsel), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Ronald S. Lederman*), for the defendants.

ON REMAND

Before: DOCTOROFF, C.J., and MURPHY and FITZ-GERALD, JJ.

DOCTOROFF, C.J. This case is before us on remand from the Supreme Court. We previously issued an order reversing the trial court's grant of summary disposition based on *Frohman v Detroit,* 181 Mich App 400; 450 NW2d 59 (1989). Unpublished order of the Court of Appeals, entered July 6, 1994 (Docket No. 147294). The Supreme Court remanded the case for plenary consideration of the portion of plaintiff's appeal that alleges negligence on the part of defendants City of Detroit and Detroit Police Department [hereinafter defendants]. 448 Mich 926 (1995). We reverse.

On November 29, 1990, a police task force dealing with motor vehicle theft waited in semimarked cars while they staked out a stolen truck. Third-party defendant, Jay D. McGuigan, entered the truck. When the police approached him, he initially complied with their requests for information. At some point, however, he started the truck and drove away. A high-speed pursuit followed. The police officers testified that they activated their lights and sirens during the chase. The pursuit continued through a residential area where plaintiff was driving her vehicle. Plaintiff's vehicle collided with the truck driven by McGuigan, and plaintiff was injured.

In the suit that followed, the trial court granted summary disposition for all defendants, except McGuigan, on the basis of governmental immu-

nity. MCR 2.116(C)(7) and (10). We upheld the trial court's finding of summary disposition for the individual police officers, because no issue of material fact existed regarding plaintiff's claims of gross negligence. However, pursuant to *Frohman, supra,* we held that issues of fact existed regarding plaintiff's claims of negligence against defendants.

A government agency may be held liable for an employee's negligent operation of a government vehicle. MCL 691.1405; MSA 3.996(105). To establish a prima facie case of negligence, a plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of duty was a proximate cause of the plaintiff's damages, and (4) that the plaintiff suffered damages. *Rasmussen v Louisville Ladder Co, Inc,* 211 Mich App 541, 545; 536 NW2d 221 (1995).

For purposes of this motion for summary disposition, defendants do not contest that they owed a duty to plaintiff or that some evidence of plaintiff's damages existed. However, defendants argue that they neither breached the duty owed to plaintiff nor proximately caused plaintiff's injuries. For a proper grant of summary disposition for defendants pursuant to MCR 2.116(C)(10), the trial court had to find that, viewing the evidence in a light most favorable to plaintiff, no question of material fact existed regarding defendants' negligence or whether defendants' actions were a proximate cause of plaintiff's injury. *Auto-Owners Ins Co v Johnson,* 209 Mich App 61, 63-64; 530 NW2d 485 (1995).

Our decision in *Frohman, supra,* was based upon *Fiser v Ann Arbor,* 417 Mich 461; 339 NW2d 413 (1983). In *Fiser,* as in this case, the defendants argued that their duty to the public was governed by specific legislation pertaining to authorized

emergency vehicles. MCL 257.603; MSA 9.2303. Our Supreme Court stated that these statutes required the officers to drive with reasonable caution. The factors to be considered in determining whether the pursuing officer's actions were reasonable included the existence of an emergency, the speed of pursuit, the area of pursuit, weather and road conditions, the presence of pedestrians and other traffic, the presence or absence of audible and visible warnings, and the reasons the officers were pursuing the fleeing vehicle. *Fiser, supra* at 472.

In this case, a pursuing officer testified that he reached speeds of sixty miles per hour in a residential neighborhood during the middle of the afternoon. Although the police were attempting to arrest McGuigan, who was fleeing in a stolen vehicle, a reasonable person could find that this situation did not constitute an emergency. See *id.* The police were chasing McGuigan because, despite the fact that they had staked out the stolen vehicle, they failed to take precautions to prevent him from escaping. We find that, viewing the evidence in a light most favorable to plaintiff, some question of material fact existed concerning whether defendants breached their duty of care.

Reluctantly, we also find that a question of material fact existed regarding whether defendants' actions were a proximate cause of plaintiff's injuries. In *Fiser,* the Supreme Court held that the police officers' pursuit of the third-party defendant caused him to drive recklessly in an effort to evade them. Therefore, the police were a proximate cause of the plaintiff's injuries when her car was hit by the fleeing third-party defendant. *Id.* at 475. Because this case also involved a high-speed pursuit in which McGuigan was attempting to escape

from the pursuing police officers and hit plaintiff as a result, we are bound to follow *Fiser.*

In *Frohman, supra* at 414, this Court noted its concerns about the *Fiser* rationale:

> When a situation occurs, such as in the instant case, where an officer performs his legal duty by attempting to catch a fleeing lawbreaker, conducts the pursuit in what one may minimally call a negligent manner, and does not strike any vehicle with his vehicle, it is a remarkable legal principle that he can be said to have "caused" the resultant accident. To prevent this accident, all the fleeing driver need have done is stop.

I reiterate those concerns today. Proximate cause means such cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred. *Babula v Robertson,* 212 Mich App 45, 54; 536 NW2d 834 (1995). An intervening cause is one that comes into active operation in producing harm to another after the negligence of the defendant. *Poe v Detroit,* 179 Mich App 564, 577; 446 NW2d 523 (1989).

By McGuigan's own admission, he "got nervous and panicked" when the police attempted to apprehend him "because the truck was stolen." According to an eyewitness, McGuigan was driving "like a madman" at close to ninety miles per hour through a residential neighborhood to evade the pursuing officers. On the other hand, the only evidence regarding the speed of the police car indicates that the pursuing officer was driving at speeds of sixty miles per hour but slowing down at intersections. If I were not required to follow *Fiser,* I would hold that McGuigan's panicked driving, and not the pursuit of the police, caused this accident. I dispute the presumption that police

pursuit caused McGuigan to drive "like a mad-man." As this Court stated in *Frohman, supra* at 414, all that a fleeing driver needs to do to avoid the situation is stop. I urge our Supreme Court to reconsider *Fiser.*

Because we are bound by *Fiser,* we hold that a question of material fact existed regarding plaintiff's claims of negligence against defendants. The trial court erred in granting defendants' motion for summary disposition with respect to plaintiff's negligence claim.

Reversed.

FITZGERALD, J. I concur in the result only.

MURPHY, J. *(concurring).* I concur in reversing the grant of summary disposition in favor of defendants because certain factual questions existed that needed to be resolved by the trier of fact. *Fiser v Ann Arbor,* 417 Mich 461; 339 NW2d 413 (1983); *Frohman v Detroit,* 181 Mich App 400; 450 NW2d 59 (1989). Accordingly, it was error to grant summary disposition.