COOPER v WADE

Docket No. 175952. Submitted March 6, 1996, at Detroit. Decided September 10, 1996, at 9:05 A.M. Leave to appeal sought.

Marlon Cooper, a minor, by his next friend, Brenda Cooper, and Brenda Cooper, individually, and Martell Morris, a minor, by his next friend, Toni Morris, and Toni Morris, individually, brought an action in the Wayne Circuit Court against Detroit Police Officers Lonnie Wade and Arthur Gulley and the City of Detroit, seeking damages for injuries sustained by Marlon Cooper and Martell Morris when a stolen vehicle in which they were passengers crashed into the porch of a house following a high-speed pursuit by a police vehicle driven by Wade and in which Gulley was a passenger. The stolen vehicle was driven by Damian Collins, a minor, who was killed in the accident. The plaintiffs alleged that Marlon and Martell did not know that the vehicle had been stolen and that the defendant officers breached duties owed to Marlon and Martell in the course of the pursuit. The plaintiffs also alleged that the city owed and breached duties to promulgate and implement an appropriate high-speed pursuit policy and to properly and adequately train, direct, and supervise its police officers. The plaintiffs asserted that the defendants' actions were negligent, grossly negligent, wilful and wanton, and in reckless disregard for the safety of Marlon and Martell. The defendants filed a third-party complaint against Collins' estate, alleging that Marlon's and Martell's damages were attributable to their negligence and the negligence of Collins. The court, Edward M. Thomas, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court erred in granting the defendants summary disposition on the basis that they owed no duty to Marlon and Martell. The statutes that govern the operation of emergency vehicles, MCL 257.603; MSA 9.2303 and MCL 257.632; MSA 9.2332, require police officers to operate their vehicles with concern for the safety of others. Court of Appeals precedent precludes the driver of a pursued vehicle from asserting that the police failed to perform in accordance with that standard of care. Different considerations come into play when innocent third parties are involved, whether they are pedestrians on a sidewalk, individuals in a nearby vehicle,

or passengers in a fleeing vehicle. The statutes governing the operation of emergency vehicles mandate that the officers take into account the safety of these individuals. To the extent that passengers within a fleeing vehicle are at fault for bringing about or continuing the police pursuit, such factors should be considered by the factfinder when considering causation and apportioning fault.

2. A police pursuit can be deemed to be a proximate cause of an accident that involves the pursued vehicle but not the police vehicle.

3. The trial court erred in determining that the city was entitled to summary disposition on the basis of governmental immunity. The plaintiffs pleaded a claim that falls within the exception to governmental immunity regarding negligent operation of a governmental vehicle. Supreme Court precedent has implicitly included the decision making involved in conducting a police pursuit as being within the ambit of negligent operation of a governmental vehicle.

4. The trial court erred in determining that the plaintiffs failed to plead a claim in avoidance of governmental immunity with respect to the defendant police officers. Reasonable minds could differ regarding whether the officers' conduct amounted to gross negligence under MCL 691.1407(2); MSA 3.996(107)(2). The fact that Officer Gulley did not drive the police vehicle is not dispositive of the plaintiffs' claims that he was grossly negligent in deciding to initiate and continue the pursuit and, therefore, not immune under MCL 691.1407(2); MSA 3.996(107)(2).

5. The issue whether the defendants' conduct was the proximate cause of any injury to Marlon and Martell must be submitted to the trier of fact. Reasonable persons might conclude that the pursuit by the officers was not too remote a cause of Marlon's and Martell's injuries and that the negligent conduct of the driver of the pursued vehicle did not sever that causal connection.

Reversed.

MICHAEL J. KELLY, J., concurring, stated that the Supreme Court should revisit this area of the law. With regard to the pursuit itself, a clarification of the law regarding both liability for negligence by the pursuing officer and the vicarious liability of the employing governmental unit would best be imposed only for gross negligence, defined as reckless disregard for the safety of others.

C. L. BOSMAN, J., concurring in the result, would hold that only if an injured passenger can prove freedom from any criminal responsibility for the actions that caused the attempted police apprehension or encouraged the driver of the fleeing vehicle to flee can the passenger recover for the officers' negligent conduct. The officers' duty to drive with due regard for the safety of others extends only

to those who are criminally innocent third-party passengers taking no part in bringing about or continuing the pursuit. Here, the participation of Marlon and Martell in the criminal wrongdoing remains a question of fact, and the burden of proving their innocence is on them.

1. AUTOMOBILES — POLICE PURSUIT — FLEEING SUSPECTS — NEGLIGENCE.

A police officer and the officer's employing municipality may be held liable for negligence in a police pursuit of a fleeing suspect in a vehicle where the officer does not exercise that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances; the required standard of care includes consideration of the statutes governing the operation of emergency vehicles that require emergency vehicles to be driven with due regard for the safety of others (MCL 257.603, 257.632; MSA 9.2303, 9.2332).

2. AUTOMOBILES — POLICE PURSUIT — FLEEING SUSPECTS — NEGLIGENCE — DUTY.

Police officers in pursuit of a suspect fleeing in a vehicle do not owe the suspect a duty to refrain from chasing the suspect at speeds dangerous to the suspect although they must operate their vehicles with concern for the safety of others such as pedestrians, individuals in nearby vehicles, and innocent passengers in the fleeing vehicle; to the extent that passengers in the fleeing vehicle are at fault for bringing about or continuing the police pursuit, such factors should be considered by the factfinder when considering causation and apportioning fault.

3. AUTOMOBILES — POLICE PURSUIT — FLEEING SUSPECTS — NEGLIGENCE — PROXIMATE CAUSE.

Police pursuit of a vehicle may be determined to be a proximate cause of an accident that involves the pursued vehicle but not the police vehicle; the issue of proximate cause must be submitted to the trier of fact in an action against the police for injuries received by the passengers of the pursued vehicle where reasonable men might conclude that the pursuit by the officers was not too remote a cause of the injuries received by the passengers in the pursued vehicle and that the negligent conduct of the driver of the pursued vehicle did not sever that causal connection.

4. GOVERNMENTAL IMMUNITY — AUTOMOBILES — POLICE PURSUIT — FLEEING SUSPECTS — NEGLIGENCE — "OPERATION" OF POLICE VEHICLE.

The decision of a police officer to initiate and continue pursuit of a fleeing vehicle constitutes "operation" of the police vehicle for purposes of determining whether the exception to governmental

immunity regarding negligent operation of a vehicle owned by the government is applicable; no distinction should be made between the negligent decision to pursue and the negligent operation of the police vehicle during the pursuit (MCL 691.1405; MSA 3.996[105]).

5. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — GROSS NEGLI-GENCE — SUMMARY DISPOSITION.

Summary disposition should not be granted for governmental employees on the basis of governmental immunity in an action for damages resulting from conduct of the employees where reasonable minds could differ with regard to whether their conduct amounted to gross negligence; gross negligence means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results (MCL 691.1407[2]; MSA 3.996[107][2]).

6. GOVERNMENTAL IMMUNITY — AUTOMOBILES — POLICE PURSUIT — FLEEING SUS-PECTS — GROSS NEGLIGENCE.

A police officer who is grossly negligent in deciding to initiate and continue pursuit of a fleeing vehicle may be found not to be immune from tort liability; whether the officer is a driver or passenger of the pursuing police vehicle is irrelevant (MCL 691.1407[2]; MSA 3.996[107][2]).

*Frederic M. Rosen, P.C.* (by *Frederic M. Rosen*), for plaintiffs Cooper.

*Bendure & Thomas* (by *Mark R. Bendure*), for plaintiffs Morris.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross* and *Laurel F. McGiffert*).

Before: REILLY, P.J., and MICHAEL J. KELLY and C. L. BOSMAN,* JJ.

REILLY, P.J. Plaintiffs appeal as of right a circuit court order granting defendants' motion for summary disposition in this negligence action. We reverse.

Plaintiffs Marlon Cooper (Cooper) and Martell Morris (Morris) along with Terry Neal were passengers in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a stolen Jeep Cherokee driven by Damian Collins, who was fourteen at the time of this incident. A police pursuit of the vehicle ended when it crashed into the porch of a house. Collins was killed, and Cooper and Morris were injured.

Plaintiffs filed this action alleging that the City of Detroit, Officer Lonnie Wade, who operated the police vehicle, and Officer Arthur Gulley, who was a passenger in that vehicle, owed and breached duties to Cooper and Morris in several ways in the course of the police pursuit. Plaintiffs also alleged that the City of Detroit "owed and breached additional duties to promulgate and implement an appropriate high speed pursuit policy and to properly and adequately train, direct and supervise its officers." Plaintiffs asserted the defendants' "actions were negligent, grossly negligent, willful and wanton, and in reckless disregard" for the safety of Cooper and Morris. Defendants filed a third-party complaint against Collins' estate, alleging that plaintiffs' damages were attributable to the negligence of Collins, Cooper, and Morris.

Defendants filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10). They argued that (1) defendants had no duty to Cooper and Morris, (2) the decision to pursue does not constitute negligent operation of the police vehicle, (3) the officers' actions were not the proximate cause of the damages, (4) the absence of gross negligence bars the claims against the officers, and (5) Officer Gulley did not operate the police vehicle.

The trial court's explanation for granting defendants' motion indicates that it believed defendants were entitled to summary disposition with regard to more than one ground. The trial court first referred to

*Jackson v Oliver*, 204 Mich App 122; 514 NW2d 195 (1994), in which this Court held that the police did not have a duty to the driver of a pursued vehicle. In the present case, the court concluded that the "police officers owed no further duty to the passengers than they would have owed to the driver." Therefore, the court stated that summary disposition should be granted pursuant to MCR 2.116(C)(8). The court then went on to address other arguments raised by defendants:

> As it relates to the question of the city and governmental immunity, the Court is of the opinion governmental immunity is applicable as it relates to the city.
>
> There was no gross negligence in the operation of the motor vehicle. The motor vehicle was not involved in the accident. There was no innocent third party bystander injured as a result of the police chase. The accident was caused as a result of the minor deceased first striking another car, losing control, and running into a fixed object which is a porch.
>
> That being the situation, the Court is of the opinion that summary disposition as it relates to the city should, indeed, be granted.
>
> As to the individual officers, they were operating within the scope of their employment.
>
> The Court believes not only are they entitled to governmental immunity, but there is no genuine issue of material fact and the *Dedes* [*v South Lyon Community Schools*, 199 Mich App 385; 502 NW2d 720 (1993), rev'd sub nom *Dedes v Asch*, 446 Mich 99; 521 NW2d 488 (1994)] case applies in this situation to their actions. For that reason, summary disposition is granted as to both the officers and the city of Detroit.

Appellate review of a motion for summary disposition is de novo because this Court must review the record to determine if the moving party is entitled to

judgment as a matter of law. *Kentwood Public Schools v Kent Co Ed Ass'n,* 206 Mich App 161,164; 520 NW2d 682 (1994). As will be explained, we conclude that defendants were not entitled to judgment as a matter of law. We first address the question of duty and then discuss the separate standards for immunity applicable to the city and the individual officers and, lastly, causation issues.

I

The trial court erred in granting defendants summary disposition on the basis that they owed no duty to Cooper and Morris.

In *Fiser v Ann Arbor,* 417 Mich 461; 339 NW2d 413 (1983), the Court recognized that individual officers and the municipality could be held liable for negligence in a police pursuit. The standard of care applied in *Fiser* is " 'that care which a reasonably prudent man would exercise in the discharge of official duties of like nature under like circumstances.' " *Id.* at 470, quoting *McKay v Hargis,* 351 Mich 409, 418; 88 NW2d 456 (1958). That standard includes consideration of the statutes governing operation of emergency vehicles, MCL 257.603; MSA 9.2303, MCL 257.632; MSA 9.2332. Section 603 allows a driver of an emergency vehicle to proceed past stop signals and signs after slowing "as may be necessary for safe operation" and to exceed the speed limit "so long as he does not endanger life or property." According to *Fiser,* "[t]he legislative intent is expressed in these statutes — emergency vehicles must be driven with due regard for the safety of others." Id. at 472. Neither the statutes nor the Court in *Fiser* indicates

that the concern for the safety of others is limited to innocent bystanders.

However, in *Jackson, supra,* this Court concluded that the estate of the driver of a pursued vehicle should not be allowed to recover from the pursuing officers for wrongful death from a collision ending a high-speed chase. This Court referred to the decision in *Fiser* as holding that "police officers owe a duty to innocent bystanders to avoid operating their police vehicles in a negligent manner and that emergency vehicles must be driven with due regard for the safety of others." *Jackson, supra* at 126. This Court held that *Fiser* does not apply "where injuries were suffered by a fleeing wrongdoer," *Jackson, supra* at 126, and that "[p]olice officers in pursuit of a suspect do not owe the suspect a duty to refrain from chasing the suspect at speeds dangerous to the suspect." *Id.* at 127. Therefore, although the statutes require police officers to operate their vehicles with concern for the safety of others, *Jackson* precludes the driver of a pursued vehicle from asserting that the police failed to perform in accordance with the standard of care.

We decline defendants' invitation to extend the holding in *Jackson* to passengers within the pursued vehicle. In *Jackson,* this Court referred to the definition of "duty" as " 'an obligation, to which the law will give recognition and effect.' " *Id.* at 125, quoting *Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988). The decision in *Jackson* reflects an unwillingness to recognize an obligation on the part of the police to protect suspects as they flee from apprehension. Different considerations come into play when innocent third parties are involved, whether they are pedestrians on the sidewalk, individuals in a nearby

vehicle, or passengers in a fleeing vehicle. The statutes governing operation of emergency vehicles mandate that the officers take into account the safety of these individuals. To the extent that passengers within a fleeing vehicle are at fault for bringing about or continuing the police pursuit, such factors should be considered by the factfinder when considering causation and apportioning fault.

We recognize the concerns that have been raised about the holding in *Fiser* that the police pursuit can be deemed to be a proximate cause of an accident involving the pursued vehicle but not the police vehicle. See *Frohman v Detroit*, 181 Mich App 400; 450 NW2d 59 (1989), and *Ewing v Detroit (On Remand)* 214 Mich App 495; 543 NW2d 1 (1995) (opinion of DOCTOROFF, C.J.). These concerns about allowing negligence claims to be advanced against officers for their actions in a pursuit situation weigh in favor of limiting liability by distinguishing *Fiser* whenever possible. However, we believe that a limitation of liability must come, if at all, from the Legislature or from the Supreme Court's narrowing of *Fiser*.

II

The trial court also erred in determining that the city was entitled to summary disposition on the basis of governmental immunity. The applicable exception with respect to the city is MCL 691.1405; MSA 3.996(105), which provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public

Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.

Defendants argue that the decisions to initiate and continue pursuit do not constitute "operation" of the vehicle. According to defendants, only "the officer's driving during the pursuit, the speed at which he or she proceeds, whether he or she stops or slows at intersections, and other factors pertaining to the physical control of the vehicle fall within the statutory exception for 'operation' of a motor vehicle." The distinction drawn by defendants between the negligent decision to pursue and negligent operation of the police vehicle was recognized by this Court in its opinion in *Fiser*. *Fiser v Ann Arbor*, 107 Mich App 367, 371-373; 309 NW2d 552 (1981), aff'd in part and rev'd in part 417 Mich 461; 339 NW2d 413 (1983).

Defendants' approach also finds some support in the Supreme Court's opinion in *Fiser*. In that case, the Court stated that "if the pursuit . . . constituted negligent operation of the police vehicles," the claim would fall within the exception to immunity.[1] *Id.* at 469. In affirming summary disposition for one officer because he did not "operate either of the police vehicles involved in the pursuit," *id.* at 469, the Court noted the definition of "operator" in the Michigan Vehicle Code, MCL 257.36; MSA 9.1836, as " 'every

---

[1] Although MCL 691.1405; MSA 3.996(105) refers only to the liability of governmental agencies and not individuals, the Supreme Court did not address the immunity available to the individual officers separately. The opinion of Justice Ryan suggests that the reason that the issue of individual immunity is not addressed separately is because "if the city has no immunity defense, neither do the police officers." *Fiser, supra* at 477. MCL 691.1407(2); MSA 3.996(107)(2), which basically provides individual immunity except in cases of gross negligence, was not effective until July 7, 1986.

person, other than a chauffeur, who is in *actual physical control* of a motor vehicle upon a highway.'" (Emphasis added.) The use of this definition by the Court supports defendants' argument that the decision to initiate and continue pursuit is not "operation" because it is not "actual physical control" of the vehicle.

However, in *Fiser*, the Supreme Court did not apply the "actual physical control" definition of "operation" in its discussion of the liability of the city and the officers who drove the police vehicles. After indicating that liability depends on whether the pursuit constituted negligent operation of the police vehicles, the Court discussed general negligence principles, set forth the standard of care, and discussed the defendants' assertion that their operation of the vehicles within the terms of MCL 257.603; MSA 9.2303 and MCL 257.632; MSA 9.2332 precluded a finding of negligence. Recognizing that the statutes included provisions that required consideration of the safety of others, the Court examined the reasonableness of the officers' conduct. No further discussion of the definition of "operation" is included in the opinion. The Court could have applied the "actual physical control" definition of operation and held that "operation" does not include the decision to pursue a vehicle. The Supreme Court could have drawn the distinction between the decision to pursue and operation of the vehicle as this Court had. Unfortunately, the opinion is silent with regard to this issue.

Although the Supreme Court in *Fiser* did not directly address whether the decision to initiate and continue pursuit constitutes "operation" of the vehicle, we conclude that the Court's discussion implicitly

included the decision making involved in conducting a police pursuit as being within the ambit of "operation." After discussing the emergency vehicles statutes, the Court identified certain factors for consideration in determining whether the pursuing officers' actions were reasonable. One of the factors identified by the Court is "the reason the officers were pursuing the fleeing vehicle." *Id.* at 472. Although this factor may relate to determining the reasonableness of the officers' conduct in a negligence case generally, the only claim at issue in *Fiser*, the only claim that was excepted from governmental immunity, was a negligent-operation claim. Yet, if the Supreme Court concluded that "operation" meant only "actual physical control," the officers' reasons for the pursuit would have been irrelevant to the analysis of this negligent-operation claim. By stating that the reason for pursuit should be considered in a claim that, because of governmental immunity, is limited to negligent operation, the Supreme Court implicitly rejected the distinction drawn by this Court between the decision to pursue and operation of the police vehicle. Therefore, a holding that distinguishes between decision making and operation would be inconsistent with *Fiser*. Accordingly, we conclude that with respect to the City of Detroit, plaintiffs pleaded a claim that falls within the exception to governmental immunity regarding negligent operation of a governmental vehicle, and the City of Detroit was not entitled to summary disposition pursuant to MCR 2.116(C)(7).

III

With respect to the officers, we conclude that the trial court erred in determining that plaintiffs failed to plead a claim in avoidance of governmental immunity. As recognized by defendants, the officers are not entitled to summary disposition on the basis of immunity unless reasonable minds could not differ regarding whether their conduct amounted to gross negligence under MCL 691.1407(2); MSA 3.996(107)(2). *Vermilya v Dunham*, 195 Mich App 79, 83; 489 NW2d 496 (1992). Under that statute, gross negligence "means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(2); MSA 3.996(107)(2). Viewing the facts in the light most favorable to plaintiffs, the officers continued pursuing a car containing passengers that the officers believed was being driven recklessly by an underage driver who drove at high speeds, who drove the wrong way on a one-way street, and who ignored traffic signals and continued trying to evade the police after sideswiping two cars. Reasonable minds could conclude that the officers should have recognized that the car was not going to stop voluntarily and that, if the police did not discontinue the pursuit, the chase would most likely end with a collision where the driver was rendered unable to continue his flight. Reasonable minds could disagree about whether such conduct demonstrated "a substantial lack of concern for whether an injury results." MCL 691.1407(2); MSA 3.996(107)(2). Therefore, summary disposition should not have been granted on this basis.

Although this argument was not addressed by the trial court, defendants contend that summary disposi-

tion for Officer Gulley can be affirmed because he was not an operator of the vehicle. We disagree. In *Fiser*, the Supreme Court affirmed summary disposition for Officer Terry, who did not drive a police vehicle in the pursuit, because he did not operate the vehicle. However, MCL 691.1407(2); MSA 3.996(107)(2), which governs immunity with respect to governmental officers and employees, was added after *Fiser* was decided. This exception to immunity is not limited to situations in which a vehicle is operated. Therefore, the fact that Officer Gulley did not drive the vehicle is not dispositive of plaintiffs' claims that he was grossly negligent in deciding to initiate and continue the pursuit and, therefore, not immune under MCL 691.1407(2); MSA 3.996(107)(2).

IV

Defendants argue that their conduct was not the proximate cause of any injury to Cooper and Morris. However, we are not persuaded that this case is distinguishable from *Fiser* regarding this issue. In *Fiser*, the Supreme Court held "reasonable men might conclude that the pursuit by [the officers] was not too remote a cause of plaintiff's injuries and that the negligent conduct of [the driver of the pursued vehicle] did not sever that causal connection." *Id.* at 475. The fact that Cooper and Morris were within the pursued vehicle does not make the pursuit more "remote a cause" of the harm than in *Fiser*. As in *Fiser*, *Ewing*, *supra*, and *Frohman*, *supra*, the issue of proximate cause must be submitted to the trier of fact.

Because this Court's holding in *Dedes*, *supra*, was reversed, it no longer supports granting summary disposition for defendants. As previously noted, the trial

court referred to *Dedes* when explaining the reasons for granting summary disposition. However, after the trial court's decision in this case, *Dedes* was reversed by the Supreme Court. *Dedes v Asch*, 446 Mich 99; 521 NW2d 488 (1994). Accordingly, defendants no longer contend that *Dedes* entitles them to summary disposition.

In conclusion, because the record and the arguments advanced by defendants do not establish that they were entitled to judgment as a matter of law, the trial court's order granting defendants' motion for summary disposition is reversed.

Reversed.

MICHAEL J. KELLY, J. (*concurring*). I concur but I suggest this area of the jurisprudence of this state should be revisited by the Supreme Court.

With regard to the pursuit itself a clarification of the law regarding both liability for negligence by the pursuing officer and the vicarious liability of the employing governmental unit would best be imposed only for gross negligence, defined as reckless disregard for the safety of others.

C. L. BOSMAN, J. (*concurring*). I concur in the result but would hold that only if an injured passenger can prove that he is free of any criminal responsibility for the actions that caused the attempted police apprehension or encouraged the driver of the fleeing vehicle to flee can the passenger recover for the officer's negligent conduct.

The rule in *Fiser v Ann Arbor*, 417 Mich 461; 339 NW2d 413 (1983), is that the operator of an emergency vehicle owes a duty to drive with due regard for the safety of others, taking various factors into

consideration, including the existence of an emergency, the area of pursuit, weather and road conditions, vehicular and pedestrian traffic conditions, and the reason for the pursuit. The Court in *Jackson v Oliver*, 204 Mich App 122; 514 NW2d 195 (1994), ruled that the duty does not extend to a fleeing wrongdoer. I see no reason to impose a duty to a passenger who is in some way a participant in the wrongdoing with the driver of a fleeing vehicle. The lead opinion in this case would hold that the passenger's fault in bringing about or continuing the police pursuit should be considered by the factfinder in apportioning fault. I would hold that the duty extends only to those who are criminally innocent third-party passengers taking no part in bringing about or continuing the pursuit. In this case, the participation of Cooper and Morris in the criminal wrongdoing remains a question of fact and the burden of proving innocence should be on them.