# SPECIAL ORDERS

*Order Entered December 10, 1996:*

Robinson v City of Detroit (on Rehearing), Docket No. 176421. The Court orders that a special panel shall be convened pursuant to Administrative Order No. 1996-4 to resolve the conflict between this case and *Cooper v Wade*, 218 Mich App 649 (1996).

Docket No. 176421. Released November 26, 1996 at 9:25 A.M.; vacated December 10, 1996.

Before: O'Connell, P.J., and Gribbs and T. P. Pickard,* JJ.

Per Curiam. On our own motion, we granted rehearing to review the apparent conflict between our initial opinion in this case and *Cooper v Wade*, 218 Mich App 649; 554 NW2d 919 (1996), released fifteen minutes before our decision was issued. After a thorough review of the relevant authority, we are persuaded that we reached the correct result. However, the *Cooper* opinion reached the opposite conclusion and, pursuant to Supreme Court Administrative Order No. 1996-4, we are bound to defer to *Cooper*. Accordingly, for the reasons set forth in *Cooper*, we modify our initial opinion in this case to reverse the circuit court order granting summary disposition for defendants. But for Administrative Order No. 1996-4, we would affirm the circuit court's order. We briefly address what we perceive to be a flaw in the reasoning of the *Cooper* opinion.

In *Fiser v Ann Arbor*, 417 Mich 461, 469-472; 339 NW2d 413 (1983), our Supreme Court ruled that, under certain circumstances, a police officer involved in a high-speed chase may be held liable where his actions contribute to the injury of an innocent bystander. Subsequently, in *Jackson v Oliver*, 204 Mich App 122, 126; 514 NW2d 195 (1994), this Court held that while "police officers owe a duty to innocent bystanders . . . [w]e do not believe that the *Fiser* decision applies in a case where injuries were suffered by a fleeing wrongdoer." The *Jackson* Court concluded that "[p]olice officers in pursuit of a suspect do not owe the suspect a duty to refrain from chasing the suspect at speeds dangerous to the suspect." *Jackson, supra*, p 127. Note that both *Jackson* and *Fiser* address the issue strictly in terms of duty.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The present case and *Cooper* involve injuries suffered by individuals who do not fit neatly into the *Fiser-Jackson* paradigm—passengers in fleeing automobiles. While *Fiser* provides that police officers owe a duty to "innocent bystanders," it would be difficult to categorize one traveling in a fleeing automobile as a "bystander," whether innocent or not.[1] Similarly, while *Jackson* sets forth that no duty is owed a fleeing wrongdoer, the wrongdoer in *Jackson* was the driver of the automobile, not a passenger.

We believe that *Cooper* is flawed in that it establishes a presumption, apparently irrebuttable, that a passenger is an innocent bystander and is, therefore, owed the duty set forth in *Fiser* regardless of the actions of that passenger. *Cooper*, *supra*, p 657, provides that "[t]o the extent that passengers within a fleeing vehicle are at fault for bringing about or continuing the police pursuit, such factors should be considered by the factfinder *when considering causation and apportioning fault.*" (Emphasis supplied.) Thus, *Cooper* ignores the central principle of both *Fiser* and *Jackson* that one's status as an innocent bystander or wrongdoer implicates the element of duty. This questionable principle has already been followed, albeit in an unpublished opinion, where this Court quoted the very sentence quoted above in reversing the circuit court's grant of summary disposition on the ground that no duty existed. *Cantrell v Detroit*, unpublished memorandum opinion of the Court of Appeals, issued October 25, 1996 (Docket No. 179873).

In the present case, the decedent made obscene gestures to the police and encouraged the driver to flee, facts that we omitted from our original opinion because we believed them to be immaterial. Under *Cooper*, they are indeed immaterial. Regardless of the acts of the passenger, *Cooper* states that the police officer still owes that passenger a duty.

In summary, we believe that *Cooper* was wrongly decided because, in defiance of both *Fiser* and *Jackson*, it holds that the misconduct of a passenger in a fleeing vehicle has no bearing on whether the police owe that passenger a duty of care. Nevertheless, pursuant to Administrative Order No. 1996-4, we are bound to follow *Cooper*. Therefore, we reverse the order of the circuit court granting summary disposition in favor of defendants, concluding that a duty was owed the present decedent despite the fact that he made obscene gestures to the police and encouraged the flight that led to his death.

Reversed.

---

[1] The term "bystander" is defined in the Random House Webster's College Dictionary (1992) as follows: "a person present but not involved; onlooker." Obviously, a passenger is *involved* when the automobile in which he is riding attempts to elude police apprehension, whether or not that passenger instigated the flight. Similarly, such a passenger may not reasonably be classified as a mere "onlooker."

## APPENDIX
### ROBINSON v CITY OF DETROIT

Docket No. 176421. Released September 10, 1996 at 9:20 A.M.; publication held in abeyance November 4, 1996. Order holding publication in abeyance withdrawn January 9, 1997.

Before: O'CONNELL, P.J., and GRIBBS and T. P. PICKARD,* JJ.

T. P. PICKARD, J. Plaintiff appeals as of right from the order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7) and (10) in this wrongful death action. Defendants also cross appeal. We affirm.

The decedent, Courtney Henderson, was a passenger in a vehicle that was involved in a police chase. During the pursuit, the driver, Marcelle Blakeney, disregarded a red traffic signal and drove into oncoming traffic, causing a head-on collision with another vehicle and the death of Henderson. It was later determined that the car Blakeney was driving was stolen. Thereafter, the personal representative of Henderson's estate, Debra Robinson, brought an action against defendants alleging that the officers were negligent or grossly negligent in the pursuit of the vehicle. Defendants filed a motion for summary disposition, claiming that defendants did not owe a duty to Henderson and that governmental immunity and the absence of gross negligence barred plaintiff's claim. The trial court granted defendants' motion, finding that defendants did not owe a duty to Henderson. The trial court also concluded that because defendants' conduct was not the proximate cause of plaintiff's injury, the gross negligence exception to governmental immunity, which at best would establish liability against only the individual officers, not the city, *Gracey v Wayne Co Clerk*, 213 Mich App 412; 540 NW2d 710 (1995), did not apply, and, as such, governmental immunity precluded plaintiff's action.

The first issue to be decided is whether governmental immunity applied to relieve the police officers from liability. In deciding a motion for summary disposition under MCR 2.116(C)(7), the court reviews the plaintiff's complaint to see whether facts have been pleaded justifying a finding that the recovery is not barred by governmental immunity. *Vermilya v Dunham*, 195 Mich App 79, 81; 489 NW2d 496 (1992). The trial court determined that in order for the gross negligence exception to governmental immunity, MCL 691.1407(2); MSA 3.996(107)(2), to apply, defendants' actions must be "the" proximate cause of plaintiff's decedent's injury and because defendants' conduct was not "the" sole proximate cause, governmental immunity applied and barred plaintiff's claim. The trial court relied on *Dedes v South Lyon Community Schools*, 199 Mich App 385; 502 NW2d 720 (1993). However, the Michigan Supreme Court has since overruled the *Dedes* case and rejected a literal interpretation of the word "the" as used in MCL 691.1407(2); MSA 3.996(107)(2) preceding the words "proximate cause." *Dedes v Asch*, 446 Mich 99; 521 NW2d 488 (1994). Therefore, we

---

* Circuit judge, sitting on the Court of Appeals by assignment.

find that the trial court erred in requiring defendants' conduct to be "the" sole proximate cause of plaintiff's injury.

Nevertheless, the officers' conduct did not amount to gross negligence because they had reason to pursue the vehicle in as much as Blakeney was driving erratically and because they activated their signals to notify Blakeney and others that they were in pursuit. A police officer confronted with criminal activity is not grossly negligent in resolving to apprehend the criminal, even if deadly force and concomitant danger to innocent civilians inevitably results. *Brown v Shavers,* 210 Mich App 272; 532 NW2d 856 (1995). Reasonable minds could not differ that this conduct did not amount to gross negligence. *Pavlov v Community Emergency Medical Service, Inc,* 195 Mich App 711, 719; 491 NW2d 874 (1992). Therefore, the trial court properly granted summary disposition in favor of the police officers. This Court will not reverse a trial court's decision if the right result is reached for the wrong reason. *In re Powers,* 208 Mich App 582, 591; 528 NW2d 799 (1995).

The next issue is whether the motor vehicle exception to governmental immunity found at MCL 691.1405; MSA 3.996(105) applies to the City of Detroit. MCL 691.1405; MSA 3.996(105) creates an exception to governmental immunity with regard to the government agency, herein the City of Detroit, for the negligent operation of a motor vehicle owned by that government agency. Defendants argued that plaintiff did not plead operation of a motor vehicle because the facts involve a decision to pursue the vehicle, not the operation of a motor vehicle. We find that plaintiff adequately pleaded operation of a motor vehicle by pleading that the officers drove at too high a rate of speed and that the officers did not take proper safety precautions during the pursuit. *Nolan v Bronson,* 185 Mich App 163, 177; 460 NW2d 284 (1990).

The Court finds, however, that a question of law has been presented, that is, whether the officers owed a duty to Henderson. In *Fiser v Ann Arbor,* 417 Mich 461; 339 NW2d 413 (1983), *Ewing v Detroit (On Remand),* 214 Mich App 495; 543 NW2d 1 (1995), and *Frohman v Detroit,* 181 Mich App 400; 450 NW2d 59 (1989), the Courts determined that police officers owe a duty to an innocent third party who is injured as a result of a high-speed chase.[1] In *Jackson v Oliver,* 204 Mich App 122; 514 NW2d 195 (1994), this Court determined that police officers do not owe a duty to the fleeing suspect in a police pursuit.

Unlike an innocent third party, a passenger has voluntarily placed himself in the hands of the driver. He can exercise control by encouraging the driver to stop and obey the police. This ability can dampen a driver's urge to flee pursuing police officers, because the passengers can directly communicate with the driver.

As in most cases, the police must make split-second decisions whether to pursue a vehicle, and, if they do pursue, whether to break off pursuit.

---

[1] The Courts in *Fiser* and *Frohman* did not specifically address the issue of duty. However, the recognition of a cause of action implied a recognition of a duty to an innocent third party.

In this case where a stolen car was being driven erratically, harm could have come to a passenger, if pursued or not pursued by the police (for example, if the driver was intoxicated and no pursuit was initiated and a passenger was later killed, would the decedent have filed an action against the police for failing to attempt to stop). Police should not be judged by hindsight. These types of situations require a bright-line rule. Here, as in *Jackson*, the police did not shoot at the driver or at his vehicle, they did not set a trap designed to make him lose control of his vehicle, and they did not intentionally ram his vehicle. They did not establish the speed of the chase and did not control the route, they simply attempted to prevent the decedent's escape. This is not the use of excessive force, it is the use of minimal force. *Id.* at 127. The police did not dictate the degree of speed. What endangered the decedent was the deliberate and reckless conduct of the driver of the car in which the decedent was a voluntary passenger.

"Out of concern for public safety, police must sometimes allow fleeing suspects to get away." *Id.* at 126. Oftentimes, however, police cannot ascertain if there is a passenger in the fleeing car, whether a passenger is encouraging a driver to flee, or whether a passenger is otherwise *particeps criminis* to some other offense. Indeed, if the passenger were a hostage, use of potential deadly force to immediately terminate the ongoing felony would be appropriate. *Brown, supra.* In making their split-second decision in regard to a chase, the police should only have to consider the safety of the innocent public, not what may be going on inside the car they are pursuing or who may be in the car.[2]

We hold that a passenger who is voluntarily in a fleeing car is not an innocent bystander and does not fall under the rule in *Fiser*. Plaintiff's complaint was properly dismissed, because no duty was owed to the decedent by the City of Detroit and its police officers. In light of our decision above, the issue raised in the defendants' cross appeal is moot.

Affirmed.

*Order Entered April 8, 1997:*

---

[2] The question whether an involuntary passenger can or cannot be an innocent bystander under different facts, such as a kidnap victim, is better left for another day. The important policy question whether the police should attempt to save the kidnap victim from the fleeing suspect or terminate the chase to avoid further injury to the kidnap victim, is also beyond the scope of this opinion.